JOHN VAN ARMAN

*v.*

JOEL S. BYINGTON *et al.*

38   443
31a  628
38   443
142  316
38   443
62a  479

1. MEASURE OF DAMAGES—*upon a contract for services, where the price is not fixed.* When a party engages the services of another, as, of an attorney at law to defend a suit, agreeing to pay him therefor whatever he may see proper to charge, the party for whom the services may be rendered is not precluded by the terms of such an agreement from disputing the charge, but the measure of recovery will be whatever the services were reasonably worth.

WRIT OF ERROR to the Superior Court of Chicago.

This was an action of assumpsit instituted in the court below by Joel S. Byington and Joseph Bromwell against John Van Arman, for money had and received by the defendant for the use of the plaintiffs.

It seems the plaintiffs had employed the defendant as an attorney at law to defend a suit, in the final settlement of which, Van Arman, the defendant, received some $27,000, money of the plaintiffs, all of which he paid over to them except the sum of $5,000, which he retained for his services. The plaintiffs brought this action to recover so much of the $5,000 thus retained by the defendant, as might remain after deducting therefrom what his services were reasonably worth. The defendant insisted, as one of his grounds of defense, that the plaintiffs were estopped from alleging against the correctness of his charge for services, because he was employed upon the agreement that he was to receive whatever amount he might see proper to charge, and that his determination of what that amount should be was conclusive, unless he acted unfairly or oppressively. The question is presented upon the following instruction given on behalf of the plaintiffs on the trial in the court below:

"The jury are instructed, that if they believe, from the evidence, that the defendant was employed by the plaintiffs to attend to their business as their attorney, and that at the time of such employment, the plaintiff, Byington, said to the defendant, that if he would undertake said business they would pay him whatever he asked, or to that effect—this would not, of itself, entitle the defendant to claim an unreasonable compensation for the services rendered by him under such employment, and it would be for the jury in such case, to allow only such a sum as would, under all the circumstances of the case, they believe, from the evidence, to be a fair, reasonable and just compensation for the services rendered." To which the defendant excepted.

Testimony was also introduced touching the question of the value of the services rendered, which it is not necessary to notice here.

The jury returned a verdict for the plaintiffs for $1,000. A motion for a new trial was overruled, and judgment was entered upon the verdict.

The defendant thereupon sued out this writ of error, and insists the court below erred in giving the instruction to the jury relative to the rule by which his compensation for services was to be established.

Messrs. Miller and Lewis, for the plaintiff in error.

It is established by repeated adjudications that when the question of compensation shall be left to the decision of a third person, the decision of such third person is conclusive, in the absence of fraud. *The Central Military Railroad Company* v. *William Spurck et al.*, 24 Ill. 587; *McAuley* v. *Carter et al.*, 22 Ill. 53; *Conden* v. *S. S. R. R. Co.*, 14 Grattan (Va.), 302; *Morgan* v. *Birnie*, 9 Bing. 672.

We insist, that it is competent for two parties, when contracting with each other for the services of one of them, to agree, that the amount of compensation therefor shall be

determined by the party rendering the services, and that when he has fixed the amount, his decision is as binding as the decision of a third person, by whose judgment the parties had agreed to abide; that his decision can only be attacked or set aside for the same causes which would operate to invalidate the decision of such third person.

In *Taylor* v. *Brewer*, 1 M. & S., the plaintiff performed labor for the defendants, on their agreement "to take his services "into consideration, and that such remuneration should be " made him, as they, defendants, deemed right."

They refused to pay plaintiff anything, and in deciding the question of his right of recovery, Lord ELLENBOROUGH says: " This is an engagement accepted by the bankrupt (plaintiff) " on no definite terms, but only in confidence, that if his labor " deserved anything, he would be compensated. This was " throwing himself on the mercy of those with whom he con- " tracted."

In *Bird* v. *McGachey*, 2 Car. & Kir., 61 Com. L., 707, was assumpsit for labor as a surgeon. Defendant was sued as an officer of the board of guardians of the parish of St. Francis, on a verbal agreement made in behalf of said board, with plaintiff, to attend a number of pauper children. The plaintiff was to receive whatever compensation the board of guardians should allow as right and proper. The board of guardians allowed plaintiff £50, which he refused and brought suit. Counsel for defendant cited *Morgan* v. *Birnie*, and contended that, on the authority of that case, plaintiff was bound to abide the determination of the board, and also cited some other cases.

Mr. Justice MAULE undertook to distinguish this case from *Taylor* v. *Brewer*, because the contract, in the present case, was not in writing, and finally, said he would leave it to the jury to say " what the board of guardians ought to have " allowed." Now, it is to be observed, that in neither of these cases is it intimated that the reference to one of the parties to the contract is void, on account of the interest or situation of

said referee.   The only ground upon which the court, in the case last cited, seemed to question the validity of the determination of the board of guardians is, that the contract was not in writing.   Whether there was any law or custom which rendered it necessary that the transactions of said board should be evidenced by writings or records, is not apparent; but, however that may have been, it can not be doubted, that in the present case a verbal agreement would be valid and binding as though reduced to writing.   The latter case may, therefore, be fairly cited as authority in point, to prove that such a reference to one of the parties, if made in due and legal form, is valid.

Messrs. CLARK, CORNELL and NORTON, for the defendants in error, contended there was no analogy between cases where a third person was to decide the amount of compensation, and this case, where the party himself claimed the right to decide. Counsel referred to the case of *Bird* v. *McGachey*, cited by counsel for appellant, as showing the invalidity of this contract.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit for money had and received to the use of plaintiffs.   The evidence shows, that defendants in error employed plaintiff in error as an attorney to defend a libel suit, commenced against their boat and a cargo of cotton, seized by the officers of the General Government on a charge of violating the trade regulations.   Plaintiff in error succeeded in getting the suit dismissed and the boat restored, and the money for which the cotton had been sold was paid to plaintiff in error, and he afterwards paid to defendants in error all but five thousand dollars, which he held as his fee for attending to the suit.

It likewise appears that the parties were in Memphis when the seizure occurred.   The boat and cotton were taken to

Cairo, and the libel suit was brought in the District Court of the United States for the Southern District of Illinois, which involved the necessity of plaintiff in error coming to Springfield to attend to the case. It also appears that there was no agreement as to the sum defendants in error were to pay for his services. But young Van Arman testifies that when plaintiff in error was applied to for the purpose of obtaining his services, he was reluctant to engage in the defense, but defendants in error urged him, and spoke of the value of the boat and cargo, and said if plaintiff in error would undertake the business they would pay him whatever sum he might demand, and remarked at the time, that it would be better to give half of the boat and cargo than not to have plaintiff in error undertake the management of the business.

On the trial the court below instructed the jury for defendants in error, that if they believed, from the evidence, that defendants in error employed plaintiff in error to attend to their business as an attorney, and they said to him that if he would undertake the business they would pay him whatever sum he charged, or substantially the same thing, this would not, of itself, entitle plaintiff in error to claim unreasonable compensation, and that it was for the jury to allow such sum as, under all the circumstances of the case, they believed to be fair and reasonable.

It is insisted that when defendants in error said they would pay whatever sum plaintiff in error might charge, they thereby precluded themselves from disputing his charge. And it is likened to an arbitration, or where it is agreed that a third person shall fix the price one party shall pay another. That when plaintiff fixed the sum, defendants were concluded by their agreement from questioning his determination, as they would have been had it been left to the determination of a third person. We can not assent to such a proposition as fixing the rights of the parties.

Assumpsit, we are informed by the text writers, and it seems to be uniformly so held by all of the adjudged cases,

can only lie on an express, or an implied promise. In the former, the terms of the contract and the price to be paid are fixed and agreed upon by the parties. In the latter, the labor is performed, the property had, &c., at the request of one party, but the price to be paid is not fixed or agreed to, but it is left to be implied. And the law determines that it was the implied agreement of the parties that it should be what it is reasonably worth. In this case there can be no pretense that there was an express promise to pay any definite sum. It then leaves it to fall under, and to be governed by, the rules relating to implied assumpsits. And being so it was for the jury to say, from all the evidence, what was a reasonable compensation. It would seem that the language employed by defendants only amounted to a promise that they would pay any sum charged, if it was reasonable. It could hardly have been intended to license him to make an unreasonable and oppressive charge. This can hardly be said to be the import of the language employed.

No case has been referred to, nor is it believed that any can be found, which takes the distinction urged in the argument. It is not the law, and the court therefore did right in refusing to so instruct the jury. We do not see that their finding is against the evidence, and the judgment of the court below must be affirmed.

*Judgment affirmed.*