## Frances T. Race
### v.
## The Traders Insurance Company.
### Same
### v.
## Agricultural Insurance Company.

*Fire Insurance—Conditions—Vacancy—Mortgage Clause—Subrogation —Deed of Trust—Foreclosure—Injunction.*

Upon a bill and cross-bill filed by insurance companies to foreclose a deed of trust upon certain property under agreements of subrogation contained in mortgage clauses attached to certain policies, said agreements providing that in case of loss and payment to the mortgagee or trustee of the whole debt due upon assignment to the insurers of the debt and all securities evidencing his claim upon the premises in question, should said insurers take the ground that no liability existed as to the mortgagor, this court holds, that the right of the companies to foreclose depends upon the avoidance of the policies upon purely legal grounds; that the proceedings at law instituted by assured would, if allowed to take their course, result in establishing the rights of the companies, and that in view of the general principle that the granting of equitable relief must be founded on a legal right, the bill in the case presented was prematurely filed and must be dismissed.

[Opinion filed April 3, 1889.]

In error to the Superior Court of Cook County; the Hon. Henry M. Shepard, Judge, presiding.

Messrs. DAVID S. PRIDE and ROBERT RAE, for plaintiff in error.

Messrs. D. J. SCHUYLER and E. H. GARY, for defendant in error.

GARY, J.  August 28, 1882, the defendants in error issued policies of insurance against fire to one Sarah Hirsch, on a dwelling house.

July 9, 1884, she conveyed the premises to Race, the plaintiff in error, and, to secure a part of the purchase money, Race made promissory notes to Hirsch, secured by a deed of trust in the nature of a mortgage of the premises to Julius Rosenthal. The policies were, with the assent of the companies, assigned by Hirsch. to Race, and, with like assent, what is called a mortgage clause attached to such policies, in these words:

"MORTGAGE CLAUSE.

"Loss, if any, payable to Julius Rosenthal, trustee, as hereinafter provided.

"It being hereby understood and agreed that this insurance, as to the interest of the mortgagee or trustee, only, therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the property insured, nor by the occupation of the premises for purposes more hazardous than are permitted by the terms of this policy. Provided, that in case the mortgagor or owner neglects or refuses to pay any premium due under this policy, then, on demand, the mortgagee or trustee shall pay the same. Provided, also, that the mortgagee or trustee shall notify this company of any change of ownership or increase of hazard which shall come to his or their knowledge, and shall have permission for such change of ownership or increase of hazard, duly indorsed on this policy. And, provided further, that every increase of hazard not permitted by the policy to the mortgagor or owner, shall be paid for by the mortgagee or trustee on reasonable demand, and after demand made by this company upon and refusal by the mortgagor or owner to pay, according to the established

schedule of rates. It is, however, understood that this company reserves the right to cancel this policy, as stipulated in the printed conditions in said policy, and also to cancel this agreement, on giving ten days notice of their intention to the trustee or mortgagee named therein, and from and after the expiration of said ten days this agreement shall be null and void. It is further agreed, that in case of any other insurance upon the property hereby insured, then this company shall not be liable under this policy for a greater portion of any loss sustained than the sum hereby insured bears to the whole amount of insurance on said property, issued to or held by any party or parties having an insurable interest therein. It is also agreed that whenever this company shall pay the mortgagee or trustee any sum for loss under this policy, and shall claim that as to the mortgagor or owner no liability therefor existed, it shall at once and to the extent of such payment be legally subrogated to all the rights of the party to whom such payments shall be made, under any and all securities held by such party for the payment of said debt. But such subrogation shall be in subordination to the claim of said party for the balance of the debt so secured. Or said company may, at its option, pay the said mortgagee or trustee the whole debt so secured, with all the interest which may have accrued thereon to the date of such payment, and shall thereupon receive from the party to whom such payment shall be made, an assignment and transfer of said debt, with all securities held by said parties for the payment thereof."

The house was burned May 5, 1885, and June 20, 1885, the companies, having previously paid the amount due to Hirsch, and taken to the Traders a transfer of the notes and deed of trust, said company filed a bill to foreclose the deed of trust, alleging that the policy issued by that company was forfeited by breach of a condition as to the occupancy of the house after the policy was issued.

The Agricultural was made a defendant to this bill, and by cross-bill, filed July 9, 1885, claimed the same relief that the Traders asked. July 27, 1885, Race sued the Traders, in the Circuit Court of Cook County, and September 18, 1885, sued

the Agricultural, in the United States Court. On the hearing, upon a great mass of testimony, the Superior Court held that the policies were avoided by failing to comply with conditions as to the occupation of the house, and decreed a sale of the premises to pay the amount due upon the notes, and enjoined the actions on the policies.

There is not and can not be any contest, that if the policies were in force in favor of Race at the time of the fire, so that she could claim a loss under them exceeding the amount due to Hirsch, then the money paid to Hirsch by the companies was payment of a part of that loss, and was an extinguishment, and not a purchase of or subrogation to the claims of Hirsch upon the notes and deed of trust.

The mortgage clause, that "whenever this company shall pay the mortgagee or trustee any sum for loss under this policy, and shall claim that as to the mortgagee or owner no liability therefor existed, it shall at once, and to the extent of such payment, be legally subrogated to all the rights of the party to whom such payments shall be made, under any and all securities held by such party for the payment of said debt," means the same that it would if the words "shall claim that" were stricken out of it. The rights of the assured do not depend upon the claims of the companies. When the rights of one party to a contract are subject to any action of the other, that action must be such as is just. The principle is applied in Van Arman v. Byington, 38 Ill. 443; Furlong v. Cox, 77 Ill. 293; Davenport v. Ledger, 80 Ill. 574; Bird v. McGahey, 2 Car. & Kir. 61 E. C. L. 707.

As the case stands, then, the right of the companies to foreclose depends upon the avoidance of the policies upon purely legal grounds. In principle it is the same as when the equitable title of a complainant depends upon his legal title, and the latter is disputed, in which case the English Court of Chancery, before statutes changing the rule, were accustomed to require the party to first establish his title at law. 2 Dan. Chy. 1072, 1642. Of course the reply is ready that the companies could not proceed at law, as to the policies, even, and could get no affirmative relief, if the policies were void, except

Race v. Traders Ins. Co.

by this proceeding. But the assured was proceeding at law, and in those proceedings there would be a final determination of the legal right of the companies; and if the ancient principle that the legal right must be established as a foundation upon which to grant the equitable relief, be correct, it is unimportant what form the case takes, by which the existence of the legal right is ascertained; and when she is seeking her redress by the ordinary method, she ought not to be prevented.

In Hoare v. Bremridge, The Law Reports Equity Cases, 14, 522—same case on appeal, The Law Reports, Chy. App. Cases, 8, 22, The Sun Life Insurance Company filed a bill to st aside a policy because of fraud in procuring it. A week after the bill was filed, the executor commenced an action on the policy. The original jurisdiction of the court of chancery to grant the relief asked by the company was asserted by the courts, original and appellate, without hesitation or equivocation; but both courts concurred that "according to the ordinary course of law in this country, and having regard to the principles upon which trial by jury is established, the jury is not only the most usual but the most suitable and proper form for the trial of questions of this description." Page 28 of book last cited. This was said by the chancellor in answer to the suggestion that in that country (as probably in this) "on policies of insurance the assured prefers a jury, and the office prefers a judge."

A great deal might be said in vindication of the verdicts of juries, which operate as salutary restraints upon encroachments on the rights of the citizen, even often where it would be difficult for a tribunal required to give reasons for its decision, to put those reasons into a consistent and satisfactory shape.

See the eulogy of Starkie (Starkie on Ev. 4–10) on trial by jury.

Per Malins, V. C.: "And I think it ought to be well understood by all persons who grant policies of insurance, whether underwriters or insurance officers, that if any question arises upon policies, unless there are extraordinary circumstances,

the proper tribunal to decide those questions is a court of law."
Case cited from 14 L. R. E. C. 522.

The bill was prematurely filed. If the plaintiff in error
shall succeed in her actions at law there will be no occasion
for a bill. The decree of the Superior Court is reversed,
and a decree will be entered here dismissing all the bills for
want of equity, at the cost of the companies.

*Decree reversed and bills dismissed.*