# Railway Passenger and Freight Conductors' Mutual Aid and Benefit Association v. Anna Leonard.

1. COURTS—*Power over Former Adjudications.*—The authority of a court to affect the result of a cause disposed of at a previous term is no greater on the chancery than on the law side of the court.

2. CERTIFICATE OF EVIDENCE—*When it Controls.*—A certificate of evidence, like a bill of exceptions, may show that the final action of the

478      APPELLATE COURTS OF ILLINOIS.

VOL. 62.] Ry. Pass. & Frt.Conductors' Benefit Ass'n v. Leonard.

court, which is unexceptionable on its face, is in fact erroneous for matter extrinsic.

3. SAME—*Extension of Time for Filing Notice.*—To extend the time first fixed for filing a certificate of evidence is a judicial act, and when allowable to affect proceedings of a former term, must be upon notice.

4. RECORDS—*Addition of Extrinsic Matter.*—To permit extrinsic matter to be brought into a record at a subsequent term can be done only in pursuance of the power reserved at the former term or by consent of both parties.

5. NOTICE—*Difficulty of Giving.*—Where the law requires a notice to be given the difficulty of giving such notice does not enlarge the power of the court.

6. BENEFICIARY ASSOCIATIONS—*Decisions of, When Not Conclusive.* —Under the constitution of the Railway Passenger & Freight Conductors' Mutual Aid and Benefit Association, the beneficiary of a certificate is not concluded by the decision of the board of directors against his demand, neither as a decision nor as a condition.

7. APPELLATE COURT PRACTICE—*Points Not Assigned as Error.*— The points raised upon appeal in the Appellate Court must be confined to the errors assigned.

**Assumpsit,** on a certificate of a beneficiary association. Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed February 11, 1896.

PECK, MILLER & STARR, attorneys for appellant.

WILLITS, CASE & ODELL, attorneys for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The decree for the appellee was entered at the February term, 1895.

By orders not questioned, the time in which to file a certificate of evidence was extended to the 18th day of April, 1895. On the 17th, the appellant, without notice to the appellee, procured from the court an order for a further extension of five days, and the certificate was filed April 23d.

The authority of a court to affect the result of a cause, disposed of at a previous term, is no greater on the chancery than on the law side of the court. Sihlholz v. Wolff, 8 Ill. App. 371.

Ry. Pass. & Frt. Conductors' Benefit Ass'n v. Leonard.

A certificate of evidence, like a bill of exceptions, may show that the final action of a court, which is unexceptionable on its face, is erroneous for matter extrinsic.

To permit such extrinsic matter to be brought into the record at a subsequent term, can be done only in pursuance of power reserved at the former term. Hake v. Strubel, 121 Ill. 321. Or by consent of both parties. Humphreyville v. Culver, 73 Ill. 485.

To extend the time first fixed is a judicial act. U. S. Life Ins. Co. v. Shattuck, 57 Ill. App. 382; 159 Ill. 610.

Judicial acts, when allowable to affect proceedings of a former term, must be upon notice. Bryant v. Mix, 83 Ill. 11.

The difficulty of giving notice can not enlarge the power of the court.

Upon these considerations the certificate of evidence has been, on the motion of the appellee, stricken out.

. Upon the pleadings, the case is like the case of this appellant v. Robinson, 147 Ill. 138; and it is unnecessary to repeat the argument of the Supreme Court there, or of this court in the case of this appellant v. Loomis, 43 Ill. App. 599, afterward reversed upon another point, in 142 Ill. 560, that the decision of the board of directors against the demand of the appellee does not conclude her; neither as decision or as condition. Moore v. Woolsey, 4 El. & Bl., 82 E. V. L. 242; Van Arman v. Byington, 38 Ill. 443.

The decree includes interest from the time that the appellant ought to have made an assessment. The appellant argues that this is error, and cites the case of this appellant v. Tucker, 157 Ill. 194, which is in point. But there is no assignment of error that touches this question; "other manifold errors" means nothing.

The decree is affirmed.