## Charles D. Underwood v. E. F. Masterson et al.

1. BILLS OF EXCEPTIONS—*Orders Extending Time to File.*—An order to extend the time to file a bill of exceptions without notice to the opposite party is ineffectual.

2. SAME—*Filing of, Nunc Pro Tunc.*—An order made at a subsequent term allowing a bill of exceptions to be filed *nunc pro tunc* is a nullity.

2. PRESUMPTIONS—*Where Notice is Required.*—Where the service of notice is jurisdictional such service will not be presumed.

Order, extending time to file a bill of exceptions. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court on a motion to strike the bill of exceptions from the files, at the October term, 1896. Motion allowed. Opinion filed November 5, 1896.

F. W. COOMBS, attorney for appellant.

MASTERSON & HAFT, attorneys for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

April 25, 1896, the appeal was granted herein with leave to file a bill of exceptions within thirty days. July 28, 1896, the bill was filed *nunc pro tunc*, as of June 22, 1896. Whether we ought to assume that there was good reason for the *nunc pro tunc*, we will not consider, as the *tunc* was nearly a month too late.

It is attempted to justify the delay by an order of the court, entered May 22, 1896, extending the time thirty days. If that order was entered without notice, Ry. Pass. & Frt. Cond. Ben. Assn. v. Leonard, 62 Ill. App. 477, is in point, that it was ineffectual; and notice being jurisdictional, Morgan v. Campbell, 54 Ill. App. 242, is in point that it will not be presumed.

There is nothing before us from which notice can be inferred, and therefore, on motion of the appellees, the bill of exceptions is stricken out of the record.