GUDDEN, Respondent, vs. ESTATE OF GUDDEN, Appellant.

*January 29—February 18, 1902.*

*Estates of decedents: Appeal and error: Husband and wife: Evidence: Limitation of actions.*

1. In an action tried by the court, the erroneous admission of evidence will not work a reversal if the findings are supported by sufficient competent evidence.

2. In an action against her husband's estate it appeared, among other things, that claimant, when she married deceased, had $3,200 in money and securities in her own right, and that an antenuptial contract was executed in duplicate, and its loss was sufficiently established.  A witness, both to the marriage ceremony and contract, testified that he read the contract or heard it read; that it recited that claimant had loaned to or left with the deceased certain money, and provided that he should pay her interest thereon.  *Held*, that the testimony sufficiently established that claimant deposited with or loaned money to her husband, upon which she was to receive annual interest, leaving the amount as the only subject in doubt.

3. In such case, it also appeared that nine years after their marriage deceased turned over to the claimant notes and mortgages amounting at their face to $3,200; that prior thereto claimant and deceased joined in a deed of a farm, which reserved a life estate to claimant and required the grantees to pay her $180, annually, during life, and that about two years thereafter a second deed was executed, annulling the first, which last deed recited that the conditions in the first deed were based on a marriage contract.  *Held*, that a finding that the sum loaned was $3,200, was not against the clear preponderance of the evidence.

4. The statute of limitations does not apply as between husband and wife.

APPEAL from a judgment of the circuit court for Waupaca county: CHAS. M. WEBB, Circuit Judge. *Affirmed.*

This is a claim against the estate of William Gudden, deceased, made by *Anna Gudden,* his widow. It appears that in May, 1880, William Gudden, a widower, fifty-nine years of age, married the claimant, she being then twenty-one years his junior. The deceased had at that time two adult children by a former marriage, Adelheid Linde and B. C. Gudden, who lived in Oshkosh; the deceased himself lived upon a valuable farm which he owned in Winnebago county, Wisconsin. William Gudden died September 17, 1898, at the age of seventy-seven years. The plaintiff here alleges that at the time of her marriage to William Gudden she loaned or deposited with him $3,200 in money and securities, and that the deceased gave her a written contract by which he agreed to pay her interest annually thereon, beside giving her the use of the farm for her life. She further claims that he never paid her any interest upon said loan, and that on the 1st day of June, 1889, he returned to her the principal thereof in the form of two notes and accompanying mortgages, of the face value of $3,200, but without any written transfer or assignment thereof; that in 1890 he collected and received the year's interest on said last-named notes and mortgages, amounting to $192; and that he never paid her any interest on the money loaned, nor did he turn over to her the said $192,—and this claim was filed against his estate to recover these sums. The answer of the administrator, after a general denial, pleads the statute of limitations, payment, and an accord and satisfaction. The claim was disallowed by the county court of Winnebago county, whereupon the plaintiff appealed to the circuit court, and thereafter change of venue was taken, and the action was tried by the court without a jury. The court found, in substance, in accordance with the plaintiff's contention, to wit, that the plaintiff loaned William Gudden $3,200 at the time

of her marriage, and that William Gudden then agreed to pay her interest thereon at the legal rate, by written contract, and that he never paid her any interest thereon; that he collected said sum of $192 belonging to the plaintiff, and never paid her the same; and that there was due from his estate to the plaintiff the interest that had accrued on said $3,200 loaned, together with said sum of $192, amounting in all to the sum of $1,667.28. Judgment for said sum in favor of the claimant, with interest thereon from the time of the filing of the claim in the county court, was rendered, and the administrator appeals.

For the appellant the cause was submitted on the brief of *Hume, Oellrich & Jackson,* and for the respondent on that of *Barbers & Beglinger.*

WINSLOW, J.   The only question of importance presented in this case is whether the findings of fact are supported by competent and sufficient evidence.   If they are so supported, they confessedly are amply sufficient to support the judgment.

The trial being had before the court, the rules of evidence were not strictly enforced, and the claimant was allowed to testify, under reserved rulings, to transactions with her deceased husband, plainly in violation of the terms of sec. 4069, Stats. 1898.   While this testimony was admitted for the time being, it appears affirmatively by the opinion of the trial judge that he entirely excluded it in his consideration of the case.   He says on this subject:

"Much of the testimony of the claimant received on the trial is believed to be clearly incompetent, under sec. 4069, Stats. 1898, viz., such as relates to transactions and communications between her husband and herself concerning the terms and conditions of the alleged antenuptial contract; the loaning of money by her to him; his subsequent promises to pay same, or interest thereon; his promises, made to her, to have certain papers recorded, and to do other acts referred to by her in her testimony.   All such evidence has been disre-

garded, or intended so to be, in reaching the conclusion here expressed."

It is familiar law that, in the case of an action tried by the court, the erroneous admission of evidence will not work a reversal, if the findings are supported by sufficient competent evidence; and we shall, in our examination of the case, reject the incompetent evidence referred to in the foregoing extract from the opinion of the trial judge, and determine whether there is sufficient competent evidence to sustain the findings.

As to the fact that the claimant had $3,200, in money and securities, in her own right, just previous to her marriage with the deceased, the claimant's evidence is entirely competent. She testifies to this fact fully and positively, and relates how she acquired it. She says that she received $800 from her father's estate, and got the balance by teaching school for nineteen years. There is absolutely nothing in the case to throw even a doubt upon the fact of the claimant's possession of this sum before her marriage. It seems to be, in substance, admitted by B. C. Gudden and Miss Linde, who are the real parties in interest adversely to the claimant; but the claim is that there is no proof showing how much of this sum was turned over to the deceased, and, further, that whatever amount was turned over was given by the claimant to the deceased after her marriage, and not loaned at the time of the marriage. It must be admitted that no witness swears directly that the claimant turned over $3,200 to the deceased at the time of the marriage. The fact, if established at all, is established by circumstances, rather than by direct evidence. There is direct proof, however, that some sum was turned over; that it was a loan bearing interest, and not a gift; and that it was of sufficient size and importance to call for the execution of a lengthy, written contract, which seems to have disappeared. After showing by the claimant that she never had possession of any marriage contract, and after notifying

the opposite side to produce the same, without result, the claimant was allowed to introduce the evidence of one Rahte as to the execution and contents of the contract. The substance of Rahte's testimony is thus correctly stated by the trial judge:

"The witness Rahte was a witness to the marriage ceremony. Another witness was present, but his identity and whereabouts are unknown. The magistrate who performed the marriage service is dead. Rahte swears that an antenuptial contract had been prepared in duplicate, and that the same was executed immediately after the marriage by the deceased and the claimant; that he signed it as a witness, and read it, or heard it read. He swears that it recited that claimant had loaned to or left with Dr. Gudden an amount of money, the amount of which he does not remember; that it provided that Dr. Gudden should pay interest annually on such money; and that the claimant should have the use during her life of Dr. Gudden's farm. This testimony is competent, the loss of the written contract having been sufficiently shown. The witness seems to be intelligent and disinterested. His testimony is uncontradicted. It therefore sufficiently establishes that the claimant deposited with or loaned money to her husband, upon which it was agreed that she was to receive from him annual interest."

This leaves the amount of the loan as the only subject in doubt, and here is the real stress of the case on this appeal. We think, however, that the finding of the trial court on this subject cannot be said to be against the clear preponderance of the evidence. Starting with the clearly-proven fact that some considerable sum was loaned by the claimant to her husband, upon which he agreed to pay interest, the circumstances which tend to fix that sum at $3,200 seem quite persuasive. In the first place, this was the amount of the moneys and securities which the claimant owned at the time of her marriage. It does not appear that she received any interest on any of that sum from the time of her marriage up to the time she received interest on the notes and mortgages in 1891. In 1889 the deceased turned over to her notes and mortgages

amounting at their face value to $3,200, apparently as the payment of a debt, but with no agreement shown that it was received in full discharge or satisfaction of the claimant's demand. On January 6, 1887, the claimant joined with her husband in the execution of a deed of the farm to the two children of the deceased, B. C. Gudden and Adelheid Linde, in which there was this reservation:

"That *Mrs. Anna Gudden* shall have full control of above land, with all personal property thereto belonging, during her lifetime, and that said second party shall pay annually to *Anna Gudden* one hundred and eighty dollars during her natural life, which said life estate and the annual payment above mentioned shall be a lien upon said property."

It is significant that the annuity here agreed to be paid is just six per cent. upon $3,000. In May, 1889, however, another deed was made by deceased and his wife to B. C. Gudden and Adelheid Linde of the same farm, which was absolute in its terms, and contained this provision:

"This .deed is given to annul a former deed made out January 6th, 1887, by Mr. Theodore Frentz. The conditions *therein mentioned were based upon a marriage contract* between *Anna Zweifel,* now *Anna Gudden,* and William Gudden. With this instrument are all stipulations and agreements made by first parties, and also obligations by second parties, in deed of January 6th, 1887, revoked and renounced."

This latter deed was the deed which was unsuccessfully attacked by the claimant in *Linde v. Gudden,* 109 Wis. 326, as never having been executed by her. While the decision in that case was adverse to the claimant, it is very clear that the two deeds, taken together, go far to sustain her present contention. The recitals of the second deed are a deliberate admission by the deceased that there was a marriage contract. They also show that the agreements of the first deed that she was to receive $180 per year by way of annuity were based upon the obligations of that contract. In addition to these

facts, it appears from the record that the administrator submitted to the court a number of findings of facts, which he stated that "he deemed proved in this action," and among those findings was one to the effect that some time in the year 1880, after the marriage, *Anna Gudden* gave her husband, to keep as her own, *about* $3,000, upon an agreement to pay her interest thereon annually.

While we are not to be understood as holding for a moment that such a request would have any effect as an admission against the estate, the fact is significant as showing what the claims of both parties actually were in the trial court upon the question of the amount advanced by the claimant to her husband. Taking all the facts in evidence, we cannot see our way clear to reverse the findings of the trial court. The better opportunities of that court to determine the facts, especially when complicated and somewhat obscure, have so often been commented upon, that it is unnecessary to dwell upon them.

No grounds are perceived why the claim should be held barred by laches, and, under repeated rulings of this court, the statute of limitations does not apply. *Brader v. Brader,* 110 Wis. 423.

*By the Court.*—Judgment affirmed.