IN RE ESTATE OF HAPPEL-BOSSI: BAEHR, Claimant, Respondent, vs. BUELL and others, Executors, Appellants.

*September 25—October 15, 1907.*

*Reference: Failure of referee to find on material facts: Re-reference: Appeal and error: Affirmance of findings: Estates of decedents: Claims quantum meruit: Evidence necessary to establish claim: Witnesses: Competency: Transactions with decedents: Payment: Burden of proof: Contracts: Construction: Compensation for services.*

1. A court has the right to re-refer a cause where a referee has failed to find on material facts.
2. Where there is sufficient competent evidence to support the findings a judgment will not be disturbed because incompetent evidence was admitted.
3. Where a claim against a decedent's estate is based on services performed at the special instance and request of the deceased and with his knowledge, and alleges the value of such services, it is a good claim on *quantum meruit.*
4. On such claim the claimant makes out a *prima facie* case by proof of performance of the services and their value.
5. Upon a claim *quantum meruit* for services against the estate of a decedent the claimant may testify as to the performance of the services and their value, since no transaction personally with the deceased, within the meaning of sec. 4069, Stats. (1898), is involved.
6. Where a claim *quantum meruit* for services against the estate of a decedent is supported as to performance and value by both the testimony of claimant and others, findings in claimant's favor are *held* supported by competent evidence.
7. Payment is an affirmative defense, and the burden of proof is on the party alleging it.
8. Where a party performing services was to receive such remuneration as the other party might deem reasonable, and such other party died without having determined their value, the claimant is entitled to recover from the estate the reasonable value of such services.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

The respondent filed his claim against the estate of Eliza-

beth Happel-Bossi on account of services alleged to have been performed for the deceased between April, 1896, and April, 1901, at her special instance and request, in managing certain properties belonging to her, and setting forth that the services were reasonably worth $3,900, and that no part had been paid except the sum of $30 received April 3, 1901, and that there was due and owing from the estate of Elizabeth Happel-Bossi, deceased, the sum of $3,870 over and above all legal offsets with interest from April, 1901. The claim was objected to by the executors and disallowed by the county court. An appeal was taken to the circuit court, and the matter referred to Hon. Gustav Wollaeger, Jr., to hear, try, and determine. The referee made his report disallowing the claim, and by the fourth and fifth findings of fact found as follows:

"(4) That the claimant continued in the employ of said Elizabeth Happel-Bossi, deceased, as above set forth, without any special or definite arrangement, understanding, or contract until April, 1901; and that for his services he was to receive such remuneration in addition to the rent hereinafter referred to as the said Elizabeth Happel-Bossi might deem reasonable or determine. (5) That as part payment of his services he occupied a part of these premises rent free, and he further received from time to time certain sums of money from said Mrs. Happel-Bossi, deceased, in an amount unknown, in payment of said services."

The executors moved to confirm the report and for judgment. The claimant moved to set aside the fifth finding of fact and to find that the deceased did not determine the amount of remuneration in addition to rent which claimant should receive for his services, and that said services were reasonably worth, in addition to rent, the sum of $2,346, and that as part payment of his services he occupied part of the premises rent free. The claimant further moved to strike out the conclusions of law made by the referee and to make other proposed conclusions of law to the effect that the

claimant was entitled to recover $2,346, or that the matter be re-referred for further findings. The court denied the motion of the executors to confirm the report, and also denied the motion of the claimant for new findings of fact and conclusions of law, except that there should be added to the fourth finding of fact the following: "That the said deceased during her lifetime did not determine the amount of remuneration in addition to free rent which the said claimant should receive for his said services." And further ordered that the motion of the claimant for re-reference be granted, and that the matter be re-referred to Hon. Gustav Wollaeger, Jr., to determine: First, what was the reasonable value of services rendered by the claimant to the deceased during her lifetime; second, what amount was paid by the deceased on account of such services; third, the balance due claimant, if any.

No additional testimony was submitted upon the re-reference, and the referee made his amended report and filed the following findings:

"(1) That from about the 1st day of June, 1897, to the end of April, 1901, the claimant, *Charles H. Baehr,* rendered services and performed work for Elizabeth Happel-Bossi, deceased, collecting rents from the tenants living on the properties of said Elizabeth Happel-Bossi, and further in caring for her real estate by looking after necessary repairs, inspecting and superintending the same, and personally making a great many repairs in and about said real estate. (2) That said real estate above referred to was known as Nos. 217, 219, 221, 223, 225, 227, and 231 Wells street, and also Nos. 206 and 208 Fourth street, in the city of Milwaukee, county of Milwaukee, and state of Wisconsin, and consisted of a number of store buildings, old houses, small cottages, sheds, and shacks, which were in need of continual attention and repairs. (3) That the collection of the rents from the tenants occupying said buildings and houses required a great deal of time and attention. (4) That the claimant continued in the employ of said Elizabeth Happel-

Bossi, deceased, as above set forth, without any special or definite arrangement, understanding, or contract until April, 1901; and that for his services he was to receive such remuneration, in addition to the rent hereinafter referred to, as the said Elizabeth Happel-Bossi might deem reasonable or determine. (5) The said Elizabeth Happel-Bossi died without having determined the value of the services of said claimant. (6) That the reasonable value of said services so rendered by said claimant is $2,233.57. (7) That as part payment of his services he occupied a part of these premises rent free; that the rental value of the premises for the term so occupied was $368; that he further received a payment on account of his services in the sum of $30; and that the total amount of payment made upon his said claim against the deceased, in money and property, at its reasonable value was $398. (8) That there is due to said claimant on account of said services so rendered the sum of $1,835.57."

This report of the referee was confirmed by the circuit court and judgment rendered in accordance therewith, from which this appeal was taken.

For the appellants there was a brief by *Rietbrock & Rietbrock* and *E. J. Patterson,* attorneys, and *F. C. Eschweiler,* of counsel, and oral argument by *Mr. Eschweiler.*

*William Kaumheimer,* attorney, and *William H. Stafford,* of counsel, for the respondent.

KERWIN, J. The circumstances surrounding this claim are peculiar, and there is much force in the contention of appellants that the facts and circumstances strongly indicate that the first finding of the referee, to the effect that the claimant had been paid for his services, was correct. However, the court below had the right to re-refer the case because of failure to find on material facts. Upon the second reference the referee found in favor of respondent, and the report was confirmed by the court, and the main question is whether there is sufficient competent evidence to support the findings. It is well settled that if there is sufficient com-

petent evidence to support the findings the judgment will not be disturbed because incompetent evidence was admitted. *Gudden v. Estate of Gudden,* 113 Wis. 297, 300, 89 N. W. 111; *Currie v. Michie,* 123 Wis. 120, 101 N. W. 370. So we are brought to the proposition whether there is sufficient competent evidence to support the findings. The referee and the court found that the claimant between June 1, 1897, and April, 1901, rendered services for deceased without any definite agreement, and for which he was to receive such compensation as deceased might deem reasonable or determine, and that deceased died without having determined the value of such services; that the value of the services is $2,233.57, and there was paid in money and property $398, leaving a balance due of $1,835.57.

It is contended by appellants that the claimant relies upon an express contract. This contention is not supported by the claim filed or by the findings. The claimant declares for services performed at the special instance and request of deceased and with her knowledge, and that such services were reasonably worth $3,900. This is a good claim on *quantum meruit,* and would be supported by proof of performance and value. Upon this claim all that was necessary for claimant to prove in order to make out a *prima facie* case was the performance of the services and their value. This he could do by his own testimony, because the performance of the alleged services and their value did not involve a transaction personally with the deceased, within the meaning of sec. 4069, Stats. (1898). Besides, there is evidence in the record by witnesses other than the claimant of the performance of the services and their value. So upon this proposition the findings are well supported by competent evidence.

The performance of the services and their value being established by competent and sufficient evidence, the next question is whether they had been paid for. Upon this proposition the burden of proof was upon the appellants, who en-

·deavored to make the proof by putting in evidence the respondent's bill of particulars, which contained an itemized statement of his account with the deceased in connection with other proof, and also by calling respondent as an adverse witness. The evidence of respondent, when called by appellants, utterly failed to prove payment of any amount further than that allowed by the referee. The appellants also produced evidence of various payments of small amounts at different times, which the evidence tends to show were not in payment of the claimant's services. It could not be determined from the evidence how much these small amounts aggregated, or whether they were to apply on the respondent's claim, or were otherwise expended for the use and benefit of the property of deceased. Obviously the referee and court below found they were not paid on the respondent's claim. Payment being an affirmative defense, it was incumbent upon appellants to prove it, and we cannot say that the findings as to the amount paid and balance due are against the clear preponderance of the competent evidence. The court and referee found upon sufficient evidence that respondent was to receive for his services such remuneration, in addition to the rent of premises occupied by him, as deceased might deem reasonable, and that deceased died without having determined the value of such services. Under such circumstances the claimant became entitled to recover the reasonable value of his services. *Toledo, A. A. & N. M. R. Co. v. Lott,* 10 Ohio Cir. Ct. 249; *Van Arman v. Byington,* 38 Ill. 443. The appellants' contention that part of the services for which claimant seeks to recover were of an illegal nature we think is not supported by the evidence.

We think the judgment of the court below should not be disturbed.

*By the Court.*—The judgment of the court below is affirmed.