MANTHEY, Respondent, vs. MANGER and wife, Appellants.

*October 28—November 18, 1913.*

*Building contracts: Substantial performance: Reasonable value of work done.*

In an action for the reasonable value of materials furnished and work done in decorating a dwelling house, findings of a referee, confirmed by the trial court, to the effect that, although the work was not first class, yet it was a fairly good job; that the defects therein were due in part at least to conditions over

which plaintiff had no control; and that it was reasonably worth a certain sum, are *held* to be supported by the evidence and to sustain a judgment in plaintiff's favor for the value so found. *Manthey v. Stock*, 133 Wis. 107, distinguished.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

This action was brought to recover for services performed and material furnished in decorating the premises belonging to the defendants. The plaintiff alleged a special contract to do the job for $310, and also alleged that he performed extra work and furnished material not included in the first contract which are reasonably worth $345, amounting in all to $655, for which he demanded judgment and a lien.

The answer denied the contract set up in the complaint and set up a different contract. The case was referred and the plaintiff permitted to amend his complaint by striking out the allegation that the work was to be done for $310 and substituting in lieu thereof that the work was performed and materials furnished at the special instance and request of the defendants and that the defendants agreed to pay the plaintiff what the same were reasonably worth.

The referee found all the facts in favor of the plaintiff, and found among other things that, had the work been done in a first-class manner, the reasonable value would have been $550, but that as actually performed, if the nails in the cove had been properly protected, is of the value of $450, to which the plaintiff is entitled in addition to the extra work as hereinafter mentioned; that after the work was completed changes were made and extra work performed at the request of the defendants which was reasonably worth $75; that the reasonable cost of boring out nail holes in the cove in reception room, parlor, and upper stairway, and puttying up the same and properly redecorating the cove (hereinbefore referred to), is of the reasonable value of $25, and that the de-

fendants are entitled to have an allowance for this work in such sum; that there became due and owing to the plaintiff for the work and labor so performed $525, less a setoff of $25 due to defendants as above found, leaving a net sum of $500, with interest from the 5th day of October, 1910, no part of which has been paid, and that there still remains unpaid $500, with interest as aforesaid. Further findings are made respecting plaintiff's right to lien and the following

### Conclusions of Law.

"1. That the plaintiff is entitled to have his complaint amended by striking out the allegation therein that part of the work and labor performed and materials furnished were performed and furnished under a contract to do the same for the sum of three hundred and ten ($310) dollars, and by alleging that such work performed and materials furnished were performed and furnished at the special instance and request of the defendants, and that the defendants agreed to pay the plaintiff therefor what the same was reasonably worth.

"2. I find that the plaintiff is entitled to judgment for the sum of five hundred and twenty-five ($525) dollars, less a setoff of twenty-five ($25) dollars in favor of the defendants, or for the net sum of five hundred ($500) dollars, with interest thereon from the 5th day of October, 1910, for such work and labor performed and materials furnished.

"3. That the plaintiff is entitled to have the same adjudged a lien upon said premises described in the complaint, and that the interest of the defendants, *Arthur Manger* and *Clara Manger*, owning such premises at the time of the commencement of the work and the furnishing of the materials for which the lien is claimed, or which they, or any person claiming under them, have since acquired, be sold to satisfy the amount of the lien so ascertained and adjudged.

"4. And let the usual judgment be entered therefor, with costs and disbursements, as demanded in the complaint."

Due exceptions were filed to the report of the referee and motion made by defendants to alter and amend said report; also a motion was made by plaintiff to confirm; and the court

confirmed the report of the referee and judgment was en-
tered accordingly in favor of the plaintiff, from which this
appeal was taken.

*John J. Maher,* for the appellants.

*Charles F. Puls, Jr.,* for the respondent.

KERWIN, J.    The referee made very full and exhaustive
findings and found all the facts in favor of the plaintiff.
The court below confirmed the report of the referee, and if
the findings are supported by the evidence the judgment be-
low must be affirmed.

After the complaint had been amended the action stood to
recover for materials furnished and services performed what
the same were reasonably worth and to foreclose a lien on the
premises.    The referee·found the work and labor done and
materials furnished reasonably worth $450, less a setoff of
$25, and also found other work for changes in addition to the
$450 job in the sum of $75, making in all $500 as the reason-
able value of the work done and materials furnished.

The contention of the appellants is that they were entitled ·
to first-class work and that the job was not first class.    The
referee found that the job was not first class, but found its
reasonable value, and the complaint as amended was for re-
covery of the reasonable value.    The findings and the evi-
dence show that the defects in the work were not wholly the
fault of respondent.    The referee found that the defects in
the work were due partially to the fact that the walls and
ceilings are not in a perfect plane, particularly the walls of
the hallway upstairs are uneven, and other parts of the walls
and ceiling are uneven.    The referee found defects were
trifling and would pass unnoticed to the casual observer and
that no part of the work is worthless.    The findings, which
go into detail in describing the work and its character, show
that the job is a fairly good job and worth the amount
awarded to plaintiff.    There is evidence that the job could

be put in a first-class condition for about $125. One witness testified that the difference between the value of the entire job if completed in a first-class, workmanlike manner and its value as completed by respondent is $125. Another witness testified that the defects were not due to the work of respondent, but that they were due to the condition of the plaster.

Appellant relies upon *Manthey v. Stock,* 133 Wis. 107, 113 N. W. 433. We think the facts in the instant case distinguish it from the *Manthey Case.* The defects in the work in the instant case were due in part at least to conditions over which respondent had no control. The work is shown by the evidence to be of the value found and can by the expenditure of about $125 be put in good condition. We think the findings are supported by the evidence and support the judgment.

*By the Court.*—The judgment is affirmed.