Goerke vs. Goerke and another.

See note to this case in 14 L. R. A. 117.— REP.

GOERKE, Appellant, vs. GOERKE and another, Respondents.

*October 26 — November 17, 1891.*

*Wills: Proof of execution: Personal transaction between proponent and testator: Instructions to jury.*

1. The proponent of a will, who was the principal beneficiary thereunder and who aided the testator in procuring the will to be drawn and took part in its execution, is not competent, under sec. 4069, R. S., to testify that the will was read and explained to the testator before he signed it.

2. It appearing that the testator was a German and did not understand the English language, and the evidence being conflicting as to whether the will was read and explained to him in German when he signed it, the court properly instructed the jury that, in view of the fact that the principal beneficiary under the will was present, having something to do with dictating its terms, and taking part in its execution, the transaction should be scrutinized more closely than in an ordinary case.

APPEAL from the Circuit Court for *Waukesha* County.

An instrument purporting to be the last will and testament of John Christoph Goerke, dated December 7, 1889,

and attested by T. C. Martin and John J. Wolf, of Waukesha, Wisconsin, was offered for probate to the county court of Waukesha county, by *Frederick Goerke*, a son of the testator, and was by said court admitted to probate. *Ella Goerke* and *Arthur Goerke* appealed from the order of the county court.

Upon the appeal, at the close of the testimony, the circuit court submitted to a jury the question, "Did the testator, at the time of the execution of the instrument purporting to be his last will and testament, understand the contents of said instrument?" The jury answered the question in the negative, and the court afterwards made and filed findings of fact to the same effect, and conclusions of law to the effect that the instrument should not be admitted to probate, and that the order of the county court should be reversed. From the judgment entered accordingly *Frederick Goerke* appeals. Other facts are stated in the opinion.

For the appellant there was a brief by *Carney, Clasen & Walsh*, attorneys, and *Bashford, O'Connor & Polleys*, of counsel, and oral argument by *T. A. Polleys*. They contended, *inter alia*, that the proponent should have been allowed to testify as to whether or not the will was read by Judge Martin and explained to the testator by Mr. Wolf at the time it was executed. There is nothing to show that the proponent participated by word, sign, or deed in the second interview with Judge Martin, which occurred in the rear room of the saloon, and at which the will was executed. In New York, Iowa, and South Carolina, under statutes similar to sec. 4069, R. S., it has been held that a party may testify to conversations and transactions had between the deceased and third persons, but in which the party testifying did not participate. *Simmons v. Sission*, 26 N. Y. 264, 277; *Lobdell v. Lobdell*, 36 id. 327, 333; *Cary v. White*, 59 id. 336; *Hildebrant v. Crawford*, 65 id. 107, 110; *Badger v. Badger*, 88 id. 546, 559; *Simmons v. Havens,*

101 id. 427, 433; *Johnson v. Johnson*, 52 Iowa, 586; *Lines v. Lines*, 54 id. 600; *Mayes v. Turley*, 60 id. 407; *Samson v. Samson*, 67 id. 253; *Smith v. James*, 72 id. 515; *Hughey v. Eichelberger*, 11 S. C. 36; *McLaurin v. Wilson*, 16 id. 402; *Kennemore v. Kennemore*, 26 id. 251. See, also, *Pritchard v. Pritchard*, 69 Wis. 373; *Cantey v. Whitaker*, 17 S. C. 527; *Chadwick v. Cornish*, 26 Minn. 28.

For the respondents there was a brief by *Ryan v. Merton*, and oral argument by *E. Merton*. To the point that the trial court correctly charged that the testimony in regard to the execution of the will and the manner in which the testator was informed of its contents should be scrutinized more closely than in an ordinary case, they cited *Yardley v. Cuthbertson*, 108 Pa. St. 395; *Gay v. Gillilan*, 92 Mo. 250.

Cole, C. J. For the purposes of this case we shall assume that the exceptions taken are sufficient to raise the questions discussed by counsel. The first and most important question relates to the exclusion of the evidence of the proponent as to what took place at the time of the making of the will offered for probate. This testimony was material, and, if erroneously excluded, the proponent has just ground to complain of the ruling in that regard.

The proponent was the principal beneficiary in the will, and one of the residuary legatees, and his interest in sustaining the will is direct and obvious. It appears that he went with the testator, who was his father, to Judge Martin's office, to have the will drawn. The testator did not speak the English language, and Judge Martin understood the German language imperfectly. The proponent acted as interpreter, or as a medium of communication between the parties. It appears that Judge Martin had drawn a previous will for the testator, which he had at the time. The testator was not satisfied with that will, and wished to make some changes in the legacies, so the second will

was drawn. The proponent informed Judge Martin what the changes were which his father wished to make. This interview was in the morning of the day the will was written, at the office of Judge Martin. The proponent and the testator left the office, and after the will was drawn pursuant to instructions given, and at about noon, Judge Martin went out to find the testator, to have the will signed and executed. He found him in a saloon, where the proponent and the attesting witness Wolf were. The will was then executed in the presence of these parties, the testator making his mark. Judge Martin testifies that at his request Wolf read the will to the testator, and explained its provisions. This, Wolf, in effect, denies, and says he does not remember that the will was read or explained to the testator by any one, and he is positive that he "did not read it or explain it to him."

The testimony of the proponent was offered to sustain that of Judge Martin on the point that the will was read and explained to the testator before he signed it. In view of the verdict of the jury and the finding of the court that the testator, when he executed the will, did not understand the contents of the instrument, the testimony of the proponent was very material. The testimony was excluded under sec. 4069, R. S., which enacts, in substance, that no party in interest shall be examined as a witness in respect to any transaction or communication by him personally with the deceased person. The learned circuit court excluded the witness on the ground that the examination was in respect to a transaction or communication by him personally with the testator. Was this ruling correct? We think it was. The proponent certainly acted or participated in the matter of making the will, for he communicated to Judge Martin the testator's wishes on the subject. We think he should be held to have been engaged in this business until it was completed. If he and the testator

had remained in Judge Martin's office until the will was drawn, and the testator had then executed it in his presence, would not the transaction, act, or communication in the making and execution of the will have been a personal one with the testator? Is the matter essentially different because the proponent and the testator left Judge Martin's office, and the will was finally executed a few hours later in the saloon? We cannot perceive that it is. The testator and proponent were engaged in having a will made. They clearly acted together or participated in this purpose till the business was fully completed. That others were present does not change the character of the transaction or affect the relation of the parties. They were acting all the time in concert in respect to this particular business or transaction. Whether the proponent actually took any part in the conversation in the saloon or not we deem an unimportant fact, for confessedly he was with his father to aid in the making of the will. Whether he was active in every minute detail of the business is immaterial, so long as it appears (as we think it does) that he took part, either actively or by acquiescence, in whatever was being done till the will was finally executed. We think the court below was right in excluding his testimony, under the statute.

In the case of *Will of Silverthorn*, 68 Wis. 372, there is a strong intimation that a devisee was incompetent under the statute to testify to conversations and transactions with the testator in his life-time in a contest where the probate of the will was opposed. The decision of the point was not necessary in the case, and the admissibility of such testimony was left as an open question. But we do not see how proper effect can be given the statute if the testimony of the proponent is held admissible under the circumstances. We have examined the authorities relied on to show that the testimony should have been admitted,

but find nothing in them to change the view we have indi- cated. The question has arisen in so many different forms, and on such a state of dissimilar facts, that a decision in one case does not materially aid in deciding another. In *Holcomb v. Holcomb,* 95 N. Y. 316, the court puts a con- struction on the words, " transactions or conversations," as used in a similar statute of that state, and says that the lan- guage embraces " every variety of affairs which can form the subject of negotiation, interviews, or actions between two persons, and includes every method by which one per- son can derive impressions or information from the con- duct, condition, or language of another." This is a compre- hensive definition, much broader than it is necessary to give the language in our statute to exclude the proposed testi- mony. Here the directions in regard to the will and its provisions were communicated directly by the testator to the proponent, who aided by stating to Judge Martin how his father wished the will drawn; and it seems idle to say he did not participate in the business from the beginning to the end. We are clearly of the opinion that the statute prohibited him from testifying as to what took place in the saloon or in Judge Martin's office. There was therefore no error in excluding his testimony.

Some objections are taken to the charge of the court. It is said the circuit judge misrecited the testimony, and as- sumed certain facts as proven which were in dispute, in his charge. The principal passage in the charge objected to is where the judge says: " Where the principal beneficiary of a will is present, taking part in the execution of the will, directing its provisions, then the testimony in regard to the execution of the will, and the manner in which the testator was informed as to its contents, is to be scrutinized more closely than in an ordinary case. So in this case, in view of the testimony — the undisputed testimony — that the principal beneficiary under this will was present, that he

Goerke vs. Goerke and another.

had something at least to do — how much he had to do with it is for you, not for the court — he had something to do with dictating the terms and the manner of execution. It calls upon you to investigate the whole transaction with more scrutiny, closer than you would if the transaction had been in the English language, which all the parties understood." We see nothing objectionable in this charge. It seems to us it states the testimony as it was given on the trial, and that there was no error in reciting it. But it is further objected that the court erred in giving undue prominence to the fact that proponent was present at the execution of the will and took part in its execution. We have already said that he must be deemed to have participated in the making and execution of the will until the will was finally completed, and we do not think that there was any error in stating what the court did in its charge about his being present when the will was executed.

This disposes of all the points we deem material. It is proper to add that the court found, as did the jury, that the testator, at the time of the execution of the instrument, did not understand the contents thereof.

We think the order of the circuit court, setting aside the order of the county court which admitted the will to probate, is correct and must be affirmed; the taxable costs of both parties to be paid out of the estate.

*By the Court.*— Ordered accordingly.