ROBERTS, Appellant, vs. ROBERTS, Respondent.

*May 16 — June 21, 1900.*

*Wills: Fraud by attorney in drawing: Costs.*

1. In a contest over the probate of a will giving a large share of the testator's property to his son R. and disinheriting J., evidence that the testator declared on many occasions that R. should have no more of his property, and that the testator was not able to understand enough English to comprehend the will in question, is *held* insufficient to show that he was defrauded by an attorney who drew the will, and supposed he was disinheriting R. and providing for J.

2. Where the facts hardly allow belief in the good faith of the contestant of a will in appealing to the circuit court from the action of the county court in admitting the will to probate, it was not an abuse of discretion to award costs against the appellant.

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

Roberts vs. Roberts.

Samuel Roberts, then aged seventy-two, went to one John S. Maxwell, an attorney practicing law at Columbus, who both before and after that time acted in that capacity for him, gave instructions for the drawing of his will, and a few days afterwards, viz. May 7, 1890, went again to the office, and executed the will here propounded. By that will he gave $1,750 to each of two daughters, $1,250 to another, and certain city real estate to the third and to a fourth. To his son *Richard S. Roberts* he gave his farm, valued at about $9,000, charged with the foregoing money legacies, and with the debts and expenses of administration, so far as the same might not be satisfied by personal property. Another son, *John S.*, was disinherited, for the reason (expressed in the will) that the testator had already given him such share of his estate as he desired him to have. The will is attacked on the usual grounds of mental incompetency, undue influence, and fraud in its execution. Both the county court, and the circuit court on appeal, found in favor of the will; and from the judgment of the latter, affirming its probate, *John S. Roberts* appeals.

For the appellant there was a brief by *Malone & Miller*, and oral argument by *J. E. Malone* and *B. W. Jones*.

*J. H. Rogers*, for the respondent.

Dodge, J. The record is barren of any evidence of mental incapacity. The testator is shown to have managed his own affairs up to a period much later than the making of the will. Indeed, his mental capacity is not seriously challenged. The record is equally barren of any direct evidence of the exertion of any influence over him by any of the beneficiaries of the will. All that is urged in support of such undue influence is a vague suggestion that *Richard S. Roberts* appeared to have a suspicious knowledge that there was a will, while he denied that he had any knowledge of its existence until after his father's death. The vigor of ar-

gument is cast upon a suggestion that the testator was defrauded by the attorney, Maxwell, and supposed that he was devising the bulk of his estate to the contestant, *John S.*, and disinheriting the proponent, *Richard S.* Of this there is no particle of evidence, except testimony of certain witnesses to the effect that they had heard the testator declare on many occasions that *Richard* should have no more of his property, and by the assertion that the testator was unable to understand enough English (he being a Welshman) to comprehend the will in question. Both of these circumstances are met by much evidence to the contrary, but, even if they stood undenied, without more to aid them we should be loath to say that thereby could a court be justified in believing in the perpetration of so gross and unprofessional a fraud by a member of the legal fraternity.

Error is assigned for that the court excluded from consideration the testimony of each of two of the daughters, heirs at law, as to statements made by their father to the other. It is perhaps not entirely clear from the record whether any of these statements were made so wholly without participation by the witness as to enable her to testify, under the rule suggested in *Goerke v. Goerke*, 80 Wis. 516, 520, and *Wollman v. Ruehle*, 104 Wis. 603; but we deem it unnecessary in the present case to decide upon the admissibility of that testimony, for, upon a careful examination of the record, which contains it all, we are convinced that the evidence falls far short of justifying a finding adverse to the will on any of the grounds of attack, but, on the contrary, that the findings of the circuit court are supported by the overwhelming preponderance of all the evidence, and that the judgment should not be disturbed.

No abuse of discretion was committed by the circuit court in awarding costs against the appellant. We should be slow to review the discretion in any event, but in this case the facts, so far as apparent, hardly allow belief in the good

faith of the appeal, save as appellant may have been rendered unduly suspicious by his very apparent disappointment.

*By the Court.*— Judgment affirmed.