WINTER, Respondent, vs. GREILING, Appellant.

*April 22—May 13, 1902.*

*Services of mother-in-law: Implied contract: Presumption as to gratuitous service.*

Plaintiff, who lived in her own home and supported herself by washing and house-cleaning for others, had, on several days in each week for a number of years, performed such work for de-

fendant, her son-in-law, at his home and at her own residence, with his approval, but without any express agreement either that such services should be paid for or that they should be gratuitous. Defendant had rendered her some occasional favors in the transaction of her business. *Held,* that a contract to pay for plaintiff's services would be implied, the facts being insufficient to raise a presumption that they were gratuitous.

APPEAL from a judgment of the circuit court for Milwaukee county: EUGENE S. ELLIOTT, Circuit Judge. *Affirmed.*

This is an action to recover the value of services. The action was commenced December 12, 1899, and the complaint alleges that from December 13, 1893, to October, 1898, the plaintiff worked for the defendant doing washing, laundry work, and cleaning, for a time amounting to 993 days, and that such services were reasonably worth the sum of $1 per day. The answer admits that the plaintiff rendered some services for the defendant of the character claimed, but denies the amount claimed by the plaintiff, and alleges that the services were rendered gratuitously, the plaintiff being the mother-in-law of the defendant.

The action was referred to the Honorable G. W. Hazelton, to hear, try, and determine. Among the facts which were undisputed were the following: That the plaintiff was the mother-in-law of the defendant, and that at the time of the trial she was sixty-eight years of age, and had for many years supported herself at manual labor, such as laundry work and cleaning; that the plaintiff's daughter and the defendant were married in the year 1882, and that for two years thereafter the plaintiff lived with them, but that since that time she had lived with a son in a home of her own, about two blocks distant from the defendant's residence, and had supported herself; that the defendant during all the time in question in this action kept a saloon in the lower part of his house, and lived upstairs; that his family consisted of his wife and four children, the oldest of whom was seven-

teen years of age at the time of the trial; that the defendant employed no servant during all of the time, and that the housework was all done by the defendant's wife, with the assistance of the plaintiff.

The plaintiff's evidence tended to show that since the year 1882, and up to October, 1898, the plaintiff had worked for the defendant, in doing washing, scrubbing, and cleaning house, four days of each week; that she did the same kind of work for pay for others; that she had kept no memorandum or account of her work; and that it had never been paid for, although she had asked for payment.

The defendant admitted that the plaintiff had done work of the kind claimed at his residence and saloon, but claimed that it did not amount to more than one day a week; that the plaintiff had never asked for any pay; and that he had helped the plaintiff by giving her clothing, vinegar, and brandy, and had also helped her in her business, by advancing her money occasionally to pay her taxes, as well as the interest upon a mortgage, some of which sums had not been repaid; but he was unable to say how much had not been repaid.

At the close of the trial the referee found that from December 13, 1893, to October 1, 1898, the plaintiff resided in a home of her own, wholly separate and apart from the defendant's home, and that during that period she labored for the defendant, with his approval, at his home, in the city of Milwaukee, and at her own residence, and that the number of days during which she so labored was 993, and that such labor was worth the sum of $1 per day; that no part of the same had been paid for; and that no agreement was made between the parties whereby such labor was to be rendered gratuitously, or in consideration of benefits or services done for her by the defendant. As matter of law, the referee concluded that the plaintiff was entitled to judgment against

the defendant for the sum of $993, with interest from the date of the commencement of the action and costs.

The findings of the referee were approved and confirmed by the circuit court, and judgment rendered for the plaintiff accordingly, and from said judgment the defendant appeals.

The cause was submitted for the appellant on the brief of *Christian Doerfler,* and for the respondent on that of *Samuel M. Field* and *W. O. Thomas.*

WINSLOW, J. We find ample evidence in the record to sustain the findings of fact of the trial court; hence the only question for serious consideration is whether those findings and the undisputed facts sustain the judgment. It is claimed by the appellant that the facts bring the case within the cases which hold that no contract will be implied to pay for services rendered by one member of a family to another, but that such services are presumed to be gratuitous, and that an express contract to pay for the same must be proven, in order to justify a recovery. The question as to when such a presumption will arise was so recently reviewed by this court in the case of *Williams v. Williams, ante,* p. 79, 89 N. W. 835, that it is not deemed necessary to enlarge upon it here. It is not possible to state an exact rule which can be applied to every case, but the principles stated in that case are believed to be substantially accurate and in accordance with the decisions.

Applying those principles here, we are inclined to agree with the referee and the trial court that in the present case the facts proven are not sufficient to raise the presumption that the plaintiff's services were rendered gratuitously and as acts of kindness, merely. The plaintiff was living in her own house, and providing for her own support by hard and continuous labor. She did not live in defendant's household, nor eat at his table. While the defendant apparently rendered her some favors in the transaction of her business,

they were only such occasional and incidental helpful acts as would be natural for a business man to render cheerfully to his wife's mother, who was alone in the world and forced to earn her own living. Had he been furnishing her with her support, either wholly or in large part, the question would have been different, but he was not; nor was the plaintiff's condition one of dependence upon him. The plaintiff's services were laborious, valuable, continuously rendered, and in the line of her regular occupation, and manifestly prevented her from laboring for others for pay. They saved the defendant the expenditure of large sums of money for necessary help in the operation of his saloon and the maintenance of his family. It is but just that he should pay what they were worth.

*By the Court.*—Judgment affirmed.