Estate of Novak: Moran, Appellant, vs. Cook and another, Executors, Respondents.

*May 1—June 5, 1923.*

*Witnesses: Competency: Executor or trustee in will: Undue influence: Evidence: Sufficiency.*

1. One who is named as an executor in a will is competent to testify, under sec. 4069, Stats., in proceedings for the probate of the will.
2. The trustee of property the income of which was devised to testator's wife for life, and on her death the *corpus* of the trust estate to go to testator's children, is not incompetent to testify in that he interpreted the will for testator, an illiterate foreigner, at the time of its execution, the interest of the trustee, within the meaning of sec. 4069, Stats., not being such as to disqualify him.
3. The evidence in this case is *held* to warrant the finding of the county court that the execution of the will was not the result of undue influence.

Appeal from a judgment of the county court of Iowa county: J. B. Simpson, Acting Judge. *Affirmed.*

For the appellant there were briefs by *J. Charles Pile* of Dodgeville and *Hall, Baker & Hall* of Madison, and oral argument by *Mr. Frank W. Hall, Mr. John F. Baker,* and *Mr. Pile.*

For the respondents there was a brief by *McGeever &
McGeever* of Dodgeville and *Kopp & Brunckhorst* of Platte-
ville, and oral argument by *Arthur W. Kopp, W. C. Mc-
Geever,* and *James D. McGeever.*

OWEN, J.   The probate of the will of Wenzel Novak was
contested by appellant and other heirs upon two grounds:
(a) that it was not shown to be the will of Wenzel Novak,
and (b) that it was the result of undue influence.   The will
bequeathed $3,000 to each of four children, $100 to a grand-
son, and $100 to appellant, a daughter of the testator.   All
the remainder of his estate was given to *John N. Cook* and
*Ferdinand Novak,* in trust, the income thereof to go to his
wife during her life, and after her death the *corpus* of the
trust estate to go to his sons *Ferdinand* and Frederick.
The testator was a Bohemian, understood the English lan-
guage very imperfectly and could read it not at all.   The will
was interpreted to him by *John N. Cook,* one of the trustees
mentioned.   Upon the probate proceedings *Cook* was sworn
as a witness and testified that he correctly interpreted the
terms of the will to the testator.

It is claimed that *Cook* was incompetent to testify because
he was designated as a trustee in the will.   Unless *Cook's*
testimony was competent the proof does not show that the
will was in fact that of the testator.   *Goerke v. Goerke,* 80
Wis. 516, 50 N. W. 345.   Sec. 4069, Stats., provides that
no person in his own behalf or interest shall be examined
as a witness in respect to any transaction or communication
by him personally with a deceased person.   Can *Cook's*
testimony be said to have been in his own behalf or interest?
In *Anderson v. Laugen,* 122 Wis. 57, 99 N. W. 437, it was
held that one named as executor in a will did not have such
an interest in the probate thereof as to render him incom-
petent to testify, to conversations with the deceased, in the
probate proceedings.   The same conclusion was reached in
*Geraghty v. Kilroy,* 103 Minn. 286, 114 N. W. 838, and in
*Burmeister v. Gust,* 117 Minn. 247, 135 N. W. 980.   The

question of whether one who has been appointed executor may testify to conversations with his testator in an action brought against the estate was presented but not decided in *Will of Klehr,* 147 Wis. 653, 133 N. W. 1105, but this in no sense questions the ruling in the *Anderson Case,* as the difference between the two situations is apparent. It must therefore be considered as settled that one who is named as executor in a will is competent to testify, under the provisions of sec. 4069, in proceedings for the probate of the will. The test to be applied in all such cases is very much the same as the test applied at common law, where one interested in the outcome of a case was held incompetent to testify as a witness. 1 Greenleaf, Evidence, § 390, states that "the true test of the interest of a witness is that he will either gain or lose by the direct legal operation and effect of the judgment, or that the record will be legal evidence for or against him in some other action. It must be a present, certain, and vested interest, and not an interest uncertain, remote, or contingent." We cannot see that a trustee has any greater interest than has an executor in the outcome of proceedings for the probate of a will. He takes nothing under the will, and he will neither gain nor lose by the result of the proceedings, any more than an executor. Any compensation that may accrue to him will not come as a gift but as a *quid pro quo* for services rendered. He is nominated as a part of the machinery by which the will of the testator is carried into effect, and he is compensated merely for services rendered should his nomination be ratified by the court. This was not such an interest as disqualified a witness at common law, and we do not think it constitutes an interest within the meaning of sec. 4069 where the trust is not coupled with a beneficial interest. We therefore hold that the testimony of the witness *Cook* was competent and that the execution and publication of the will was duly proved.

It is not necessary to set forth the evidence relied upon to prove that the will was the result of undue influence. The

factors necessary to constitute undue influence are well understood and their restatement would be a superfluity. It is sufficient to say that we have examined the evidence and are unable to say that it fairly preponderates against the finding of the county court.

*By the Court.*—Judgment affirmed.