426

NELSON, by guardian *ad litem,* Respondent, vs. ZIEGLER, Administratrix, Appellant.

*May 12—June 18, 1928.*

For the appellant there were briefs by *McNamara & Mc-Namara* of Montello and *Lines, Spooner & Quarles* of Milwaukee, and oral argument by *James T. Guy* of Milwaukee and *Vincent F. McNamara.*

For the respondent there was a brief by *Grady, Farnsworth & Walker* of Portage, and oral argument by *Daniel H. Grady* and *W. H. Farnsworth.*

OWEN, J. On or about the 25th day of December, 1923, the plaintiff, then about seven years of age, injured his right hip by jumping from a straw stack. A day or two thereafter he experienced serious pain in his knee. Dr. Ziegler was called. He diagnosed the trouble as inflammatory rheumatism, and continued to treat him for that disease until about the 29th day of March. During all of that time the pain experienced by the boy was in the knee. The medical testimony shows that this fact should have warned the doctor that the trouble was not inflammatory rheumatism, as a characteristic symptom of inflammatory rheumatism is a shifting of the pain from one joint to another; that when the pain persisted in the knee, the doctor should have suspected that something was wrong with the hip joint, as injury to the hip joint frequently manifests itself in pain at the knee. The boy was eventually taken to the hospital, where his trouble was diagnosed as osteomyelitis. There is also medical testimony in the case that the boy's trouble was tuberculosis of the hip joint. However, for the purposes of this case, it is immaterial whether it was the one or the other, as, in any event, it appears that Dr. Ziegler made an incorrect and unwarranted diagnosis, and administered treatment which not

only failed to help the boy but aggravated the trouble, whether it was tuberculosis of the hip joint or osteomyelitis. His conduct also delayed proper treatment, which aggravated the damages. The evidence in the case fully sustains the finding that the doctor failed to use the degree of care and skill required of him, and the judgment cannot be disturbed, unless it be for errors occurring during the trial. Numerous errors of that character are assigned, and we will consider those which seem to justify treatment.

The parents of the plaintiff were permitted to testify to conversations had between them and the doctor during the occasion of his numerous visits and calls upon the boy. It is claimed that this testimony should have been excluded under the provisions of sec. 325.16, Stats., which provides:

"No party or person in his own behalf or interest and no person from, through or under whom a party derives his interest or title, shall be examined as a witness in respect to any transaction or communication by him personally with a deceased or insane person in any civil action or proceeding, in which the opposite party derives his title or sustains his liability to the cause of action from, through or under such deceased or insane person, or in any action or proceeding in which such insane person is a party prosecuting or defending by guardian, unless such opposite party shall first, in his own behalf, introduce testimony of himself or some other person concerning such transaction or communication, and then only in respect to such transaction or communication of which testimony is so given or in respect to matters to which such testimony relates."

Counsel cite *Goerke v. Goerke,* 80 Wis. 516, 50 N. W. 345; *Wollman v. Ruehle,* 104 Wis. 603, 80 N. W. 919; *Brader v. Brader,* 110 Wis. 423, 85 N. W. 681; *Morgan v. Henry,* 115 Wis. 27, 90 N. W. 1012; *Anderson v. Laugen,* 122 Wis. 57, 99 N. W. 437. It will be noted that the provision of this statute applies to a party to the action, a person testifying in his own behalf or interest. The parents were

not parties to this action, neither did they have any financial or pecuniary interest in the result thereof. The cases cited do not hold such testimony inadmissible. Clearly the testimony was admissible.

Before his death and before the trial the defendant, Dr. Ziegler, was examined adversely under the provisions of sec. 326.12, Stats., formerly sec. 4096. The defendant offered the testimony of the doctor given upon this examination in evidence and it was excluded. Sec. 325.31 provides:

"The testimony of a deceased witness, or a witness absent from the state, taken in any action or proceeding (except in a default action or proceeding where service of process was obtained by publication), shall be admissible in evidence in any retrial, or in any other action or proceeding where the party against whom it is offered shall have had an opportunity to cross-examine said witness, and where the issue upon which it is offered is substantially the same as the one upon which it was taken."

The respondent makes a technical analysis of this statute in an attempt to justify the exclusion of this evidence, utterly disregarding the apparent purpose and intent of the statute. We think it was the legislative purpose by this statute to make the testimony of a deceased witness given under oath in any trial or in any proceeding where the adverse party had an opportunity for cross-examination, admissible in any future trial or proceeding where the issue upon which it is offered is substantially the same as the one upon which it was taken. But its exclusion does not constitute prejudicial error. The testimony of the defendant given therein confirms the basis of his liability, namely, his diagnosis and treatment of the trouble as inflammatory rheumatism. Its receipt in evidence could not work a different result.

It is further said that the action was not properly revived. The order of revival is based upon a stipulation entered into between the attorneys for the plaintiff and the attorneys for

the doctor. The attorneys for the doctor probably had no power to bind the administratrix by a stipulation by virtue of the fact that they were attorneys for Dr. Ziegler. However, after the order of revival against the administratrix was entered, they appeared in court and defended the action as representing her. It is presumed that they had authority to represent her, and, if so, her appearance in and her defense of the action constituted a waiver of any irregularity attending the revival of the action against her. The fact that the guardian *ad litem* of minor children was not notified, or did not consent, is immaterial. The statute (sec. 269.16) authorizes the revival of the action against the representatives or the successor in interest of the deceased. His heirs are not interested.

We have examined other errors assigned, which do not seem to merit discussion. We find no error, and the judgment must be affirmed.

*By the Court.*—So ordered.

CROWNHART, J., took no part.