ESTATE OF ST. GERMAIN : WALLIN, Claimant, Appellant, vs. FRAIPONT and another, Executors, Respondents.

*January 15—February 13, 1945.*

For the appellant there was a brief by *Tom L. Yates* of Amery, attorney, and *F. E. Yates* of Amery and *Coe & Cameron* of Rice Lake of counsel, and oral argument by *Laurence S. Coe*.

For the respondents there was a brief by *Nelton & McGinnis* of Balsam Lake, and oral argument by *James L. McGinnis*.

WICKHEM, J.    Decedent was a bachelor who died on December 24, 1943, leaving an estate of more than $26,000. Claimant performed services for the decedent from June, 1939, until the day of his death.    The parties were not related. Claimant and her husband lived in one apartment of a duplex in Amery owned by decedent, and decedent who lived alone, occupied the other apartment.    It appears to be established that during the period claimed claimant did decedent's washing, ironing, cleaning, and also some nursing, and that at various times she put up and took down storm and screen windows.    There appears to be no dispute that the reasonable value of the services was thirty-five cents an hour except during the last years of decedent's life when the reasonable value was fifty cents an hour.    Testimony is to the effect that the services averaged ten hours a week.    So far, the case is without substantial controversy.

Although decedent was a man of considerable means, claimant neither presented a bill to him during his lifetime nor made

any demand for payment. During all of this period claimant and her husband continued to pay rent upon their apartment to decedent. On May 4, 1940, claimant and her husband joined in making to decedent a note for $75 for money borrowed. The trial court found that the services were performed as a gratuity.

Claimant's first assertion is that where services are requested by the person for whom they are rendered, or the benefits accepted voluntarily by such person, there is an implied promise on his part to make reasonable compensation therefor, if no express contract has been made, if the services are such as are ordinarily paid for, and if the party rendering them was not bound to render them without compensation. *National Film Service v. Industrial Comm.* 206 Wis. 12, 238 N. W. 904. See also *Winter v. Greiling,* 114 Wis. 378, 90 N. W. 425. While the rule asserted by claimant is set forth generally in the terms above indicated, it is more precisely set forth in relation to the facts here in two other cases. *In re Estate of Happel-Bossi,* 133 Wis. 119, 123, 113 N. W. 433, and *Wojahn v. National Union Bank,* 144 Wis. 646, 129 N. W. 1068. In *In re Estate of Happel-Bossi, supra,* the court points out that in a claim on *quantum meruit* for services rendered a decedent "all that was necessary for claimant to prove in order to make out a *prima facie* case was the performance of the services and their value." All that this case holds is that the claimant may recover upon such a showing if the evidence is believed.

In the *Wojahn Case, supra,* it is said (p. 667) :

"The general rule is that if a person performs valuable services for another at that other's request, the law implies, as matter of fact, the making of a promise by the latter and acceptance thereof by the former to pay the one performing the service the reasonable value thereof. . . . If one merely accepts services from another which are valuable to him, in general, the presumption of fact arises that a compensation equivalent is to pass between the parties, and the burden of

proof is upon the recipient of the service to rebut such presumption if he would escape from rendering such equivalent."

Here the court refers to such evidence as raising a presumption of fact which is merely an inference sufficient to establish liability but subject to being rebutted or repelled by other evidence.

We shall not unduly extend this opinion by further considering the nature of this presumption, because it makes no difference whether it be considered as an artificial rebuttable presumption or a mere inference of fact.    In any event, we are faced with a question whether the evidence relied on by the trial court is sufficient either to rebut the presumption, if it is a presumption, or to repel the inference, if it is an inference.

We are of the view that the evidence that for four years this claimant asserted no right and made no claims against decedent, although he was amply able to pay for her services; that the parties went on paying rent for their house; borrowed money and gave a note for it, is so inconsistent with the existence of liability from decedent to claimant, that the trial court was warranted upon the whole case in concluding that the services were not rendered with the expectation of being paid for.

Frequently such services are rendered with no thought of compensation.    Frequently they are given in the hope that the person rendering them will be remembered in the will of the person to whom they are rendered.    The law has always regarded with great suspicion the deferring of a claim until a solvent person is deceased and can make no answer or denial. In *Will of Goldrick,* 198 Wis. 500, 502, 224 N. W. 741, it is stated:

"There is undoubtedly a strong temptation to participate in the estates of deceased persons by magnifying trifling services into large claims, when the persons to whom the supposed services were rendered are dead and have no answer to make. . . . Such claims are not favored in law.    The testatrix had abund-

ant means to pay the claimant for his services as rendered, and she certainly expressed her willingness to do so. It comes with bad grace for the claimant to delay his claim for a period of eight and one-half years until the death of the testatrix."

The authorities generally have given voice to the idea that long delay in presenting or prosecuting such a claim is a strong indication that it is not valid and particularly where it was not asserted in the life of the alleged debtor. See in this connection, *In re Pierson's Estate,* 282 Mich. 411, 276 N. W. 498. It should again be pointed out that this is not a mere rule of law; rather it is a statement of a very strong inference of fact. It follows that mere failure to present a claim for a long period or during the life of the debtor does not, as a matter of law, require that the claim be denied. The situation is subject to explanation or excuse. It was pointed out in *In re Pierson's Estate, supra,* that the staleness of a claim militates against it unless there is reasonable excuse for not presenting it. In this case no excuse was offered whatever except the very lame one that she thought he would pay it. While the fact that the parties were not in any family relationship is important in giving rise to an initial presumption that the services were not gratuitously performed, the inferences are against the claimant when she seeks to excuse herself for not making a timely demand for payment.

When there is added to all this the fact that the parties paid their rent, borrowed money, and signed a note to the decedent, we think the trial court was justified in considering that no cause of action ever existed against the decedent.

*By the Court.*—Judgment affirmed.