WILL OF REPUSH: REPOVSCH, Appellant, vs. THE STATE, Respondent.

*September 5—October 3, 1950.*

For the appellant there were briefs by *Ferdinand A. Glojek* and *Maxwell H. Herriott*, both of Milwaukee, and oral argument by *Mr. Herriott*.

For the respondent there was a brief by the *Attorney General, Stewart G. Honeck*, deputy attorney general, and *Beatrice Lampert*, assistant attorney general, and oral argument by *Mrs. Lampert*.

HUGHES, J.    The statutes provide the circumstances under which nuncupative wills may be effective.

Sec. 238.16    "No nuncupative will shall be good when the estate bequeathed shall exceed the value of one hundred and fifty dollars that is not proved by the oath of three witnesses, at least, that were present at the making thereof; nor unless it be proved that the testator, at the time of pronouncing the same, did bid the persons present, or some of them, to bear witness that such was his will or to that effect; nor unless such nuncupative will were made at the time of the last sickness of the deceased and in the house of his or her habitation or dwelling, . . ."

Sec. 238.17    "After six months shall have passed after speaking any pretended testamentary words no testimony shall be received to prove the same as a nuncupative will unless the said words or the substance thereof were reduced to writing within six days after the same testamentary words were spoken. . . ."

We are of the opinion that sec. 325.16, Stats., renders Joseph Repovsch an incompetent witness to the alleged nuncupative will, in view of the fact that he would be the sole legatee if such will could be proved.

Sec. 325.16 "No party or person in his own behalf or interest, and no person from, through, or under whom a party derives his interest or title, shall be examined as a witness in respect to any transaction or communication by him personally with a deceased or insane person in any civil action or proceeding, . . ."

Counsel for appellant contends that this statute has no application to a subscribing witness to a will. *Estate of Johnson* (1920), 170 Wis. 436, 452, 175 N. W. 917. It was there held that the act of subscribing as a witness to a will, "if it be a transaction with the deceased, is nevertheless saved from the effect of that section by being the subject of particular and special consideration by secs. 2282 [238.06] and 2284 [238.08], *supra,* in the separate chapter on wills." The court, however, recognized that the general prohibition of sec. 325.16, Stats., applies to persons interested in an estate. The court said (p. 451) :

"It has been held in former decisions that this particular statute does apply generally to the testimony of persons interested in the estate, the subject of the litigation in probate proceedings. *Goerke v. Goerke,* 80 Wis. 516, 519, 50 N. W. 345; *Valentine's Will,* 93 Wis. 45, 51, 67 N. W. 12; *Will of Pullen,* 166 Wis. 254, 258, 165 N. W. 25."

Counsel next argue that because of the language of the statute, sec. 325.16 bars only disclosure by a witness of communication by the witness to a deceased and that since all that the witness here testified to were statements made by the decedent to him and the others, such testimony was not prohibited by the statute.

Lengthy discussion of this point is neither necessary nor desirable. The purpose of the statute is to prevent parties

to a transaction from obtaining an unfair advantage over another party who has since died. The lips of the one being sealed by death, the lips of the other are sealed by a rule of law which, though arbitrary, is made necessary to prevent greed and avarice from enabling the survivor to perpetrate a fraud. Occasionally this works a hardship. Revocation or relaxation of the rule would open the door to fraud and work more and greater hardships. The deceased is entitled to be protected against misquotation of his own words as well as the purported statements of the witness' words to him during his lifetime.

We would have a different question on the effect of the disqualification of this witness if the will made provision for others as well as for himself. As the trial court said, there is no reason to establish a will which would by its terms be a nullity.

Since upon this ground alone the trial court's judgment must be affirmed, no purpose would be served by reviewing the other grounds advanced by appellant.

*By the Court.*—Judgment affirmed.