Estate of Gerke: State, Appellant, vs. Desimowich, Claimant, Respondent.

*November 8—December 6, 1955.*

298

For the appellant there were briefs by the *Attorney General* and *Stewart G. Honeck,* deputy attorney general, and *Beatrice Lampert,* assistant attorney general, and oral argument by *Mrs. Lampert.*

For the respondent there was a brief by *Edward S. Grodin,* attorney, and *Harold E. Haltner* of counsel, both of Milwaukee, and oral argument by *Mr. Haltner.*

BROWN, J.  It must be conceded that Mrs. Desimowich kept no accounts, rendered no bills, and never demanded payment for any of the things she had done for Mr. Gerke during the seven years when she was actively caring for him, nor did she make any demand for more than six years after those services had ceased.  In fact, she never made a demand. Therefore, if she ever had an enforceable claim for compensation it was wiped out by the statute of limitations, sec. 330.19 (3), Stats., before Mr. Gerke first promised, in 1943 or 1944, that she should be compensated when he died.  Appellant contends, therefore, that Gerke's promise is without consideration and unenforceable.

Past services rendered by a person not a member of the promisor's family are adequate consideration for a promise to compensate for them by a legacy. *Murtha v. Donohoo* (1912), 149 Wis. 481, 134 N. W. 406, 136 N. W. 158.  In that case the statute of limitations had not run against the account while in the present case it has, wherefore appellant submits consideration for Gerke's promise is lacking.  We do not consider that distinguishes the two cases or compels different results, because we have held heretofore that a moral consideration will support a promise to pay for services

previously rendered. *Estate of Hatten* (1940), 233 Wis. 199, 218, 288 N. W. 278, with cases there cited. As recently as *State ex rel. Holmes v. Krueger* (1955), ante, p. 129, 72 N. W. (2d) 734, we have recognized the force of a moral obligation as consideration for subsequent payments. On the point of consideration we see no valid distinction between the recognition of the moral obligation where an original legal right has been lost, as by operation of the statute of limitations, and where no legally enforceable right to compensation previously existed. The rule goes back at least to Lord Mansfield, quoted in *Park Falls State Bank v. Fordyce* (1932), 206 Wis. 628, 636, 238 N. W. 516, as follows:

" 'Where a man is under a moral obligation, which no court of law or equity can enforce, and promises, the honesty and rectitude of the thing is a consideration. As if a man promise to pay a just debt, the recovery of which is barred by the statute of limitations; or if a man, after he comes of age, promises to pay a meritorious debt contracted during his minority, but not for necessaries; . . .

" 'In such and many other instances, though the promise gives a compulsory remedy, where there was none before either in law or equity; yet as the promise is only to do what an honest man ought to do, the ties of conscience upon an upright mind are a sufficient consideration.' "

Appellant submits that allowance of the present claim violates sec. 330.42, Stats., which provides:

"ACKNOWLEDGMENT OR NEW PROMISE. No acknowledgment or promise shall be sufficient evidence of a new or continuing contract, whereby to take the cause out of the operation of this chapter, unless the same be contained in some writing signed by the party to be charged thereby."

The point would be well taken if the claim depended upon the revival of a debt against which the statute of limitations has run; but it does not. Even though Mr. Gerke was never legally indebted to Mrs. Desimowich so that there never was

a debt for the statute of limitations to extinguish, his estate is bound, nevertheless, as he would be in his lifetime, by his promise to pay a moral obligation. The cause resting on the moral obligation is not taken out of the operation of the chapter on limitations. The cause rests on Gerke's recognition of that obligation and not on an outlawed right of action to collect for services. We think sec. 330.42, Stats., is not involved.

Appellant makes the point that Gerke did not promise to make a will in claimant's favor. This is literally true. But, as found by the trial court, he promised to leave her his estate, or give it to her at his death, and he did not keep his promise. The only way he could have performed was by making a will. We think his repeated statements that after his death everything was to be hers are, under the circumstances of this case, tantamount to an undertaking to accomplish this.

We have, then, compensable services and a promise, upon adequate consideration, to compensate them at the promisor's death, by leaving to the promisee the promisor's net estate. The promise was not kept. In such a situation the remedy is a recovery of the value of that which the claimant furnished, in return for which the promise was made. *Frieders v. Estate of Frieders* (1923), 180 Wis. 430, 193 N. W. 77; *Murtha v. Donohoo, supra.* To measure recovery by the value of the estate would circumvent the statute of wills, *Frieders Case, supra,* pages 433, 434, and will not be countenanced.

Since the promise on which the claim is founded was to compensate Mrs. Desimowich at the death of Mr. Gerke, no cause of action accrued till then nor did the statute of limitations begin to run. It makes no difference to this claim when the services were rendered. The claim was filed within the time prescribed by the statute of limitations after Gerke's

death and is allowable. *Estate of Schaefer* (1952), 261 Wis. 431, 53 N. W. (2d) 427.

The trial court allowed Mrs. Desimowich's claim for the reasonable value of the services she rendered and denied her claim to the whole net estate. We consider it ruled correctly in both instances.

*By the Court.*—Motion to review denied. Order affirmed.