KADING, Executor, Appellant, v. ROARK, Respondent.

*May 7—June 2, 1959.*

484

For the appellant there was a brief by *Kading & Mac-Gregor* of Watertown, and oral argument by *Charles E. Kading.*

For the respondent there was a brief by *Clifford & Fitzpatrick,* attorneys, and *William B. Clifford* and *James A. Fitzpatrick* of counsel, all of Watertown, and oral argument by *James A. Fitzpatrick.*

FAIRCHILD, J. We have no difficulty in determining that the evidence would support findings that Mr. Kading was causally negligent and Mrs. Roark not.

Mrs. Roark testified in part that before she left the curb she put her head out of the window and saw no cars coming; that she started to pull away from the curb, but saw Mr. Kading's car and stopped; she said she saw Mr. Kading make a broad turn at the corner and that his car was under control. After the impact her car moved about two feet, but came to rest with its right front corner about six feet out from the curb. A police officer testified that North Second street is 36 feet wide; that it was approximately 134 feet from the center of the intersection of Madison and North Second streets to the point of impact; that the Kading car came to rest about 25 feet south of the Roark car and straddling the center of the street.

It is true that the officer testified that when he talked with Mrs. Roark after the collision she estimated 10 feet as the distance when the danger of accident was first noticed and told him she "suddenly saw" Mr. Kading's car. At one point at the trial she testified that Mr. Kading's car was four car lengths away from her when she saw it. Whatever these statements may have meant, the court could well have determined from the testimony that Mrs. Roark saw Mr. Kading's car as soon as it turned into North Second street

and that she immediately stopped her car and waited for him to go by. Appellant thinks that it is unreasonable to believe that she saw him so soon, but that would only go to the weight of her testimony. Appellant suggests that she had time to drive south ahead of Mr. Kading in safety and that it was negligent to stop at an angle where she did. The court thought that what she did constituted ordinary care. Whether it did or not was properly a question for the trier of fact.

If the testimony be considered in the light most favorable to Mrs. Roark it would follow that Mr. Kading was negligent either as to lookout or management and control. Mr. Kading having died before trial, and there being no competent evidence indicating that he saw Mrs. Roark's car before the collision, the formula of *Wells v. Dairyland Mut. Ins. Co.* (1957), 274 Wis. 505, 512, 80 N. W. (2d) 380, would require a finding that he was negligent as to lookout, not management and control. Yet the court found him negligent in the latter respect. This fact is of some importance in determining whether error in admission of certain testimony was prejudicial.

The court permitted Mrs. Roark to testify that immediately after the collision Mr. Kading had said, "I am sorry I hit you. My foot slipped off the brake and hit the accelerator." Counsel for plaintiff objected to the competency of the witness to testify to the conversation with the deceased and the objection should have been sustained. Sec. 325.16, Stats. See *Will of Repush* (1950), 257 Wis. 528, 44 N. W. (2d) 240. Transactions with Deceased Persons, 1948 Wisconsin Law Review, 491, 492. The statement attributed to Mr. Kading was an admission of negligence in the field of management and control. It would tend to make it easier for the court to accept Mrs. Roark's testimony in the light most favorable to her and to find that she was not at fault. If Mrs. Roark had not been permitted to testify as to

Mr. Kading's statements after the collision, the court might have placed an unfavorable interpretation on her statements to the police officer and have found that she was negligent as to lookout and yielding the right of way and he was not negligent, or negligent only in part. Under the circumstances the admission of her testimony as to his statement was prejudicial error and there must be a new trial.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.

MARTIN, C. J., took no part.