Estate of Voss: Schroeder, Appellant, v. Estate of Voss, Administrator, Respondent.

*April 30—June 4, 1963.*

240

For the appellant there was a brief by *L. Erik Hansen* of Silver Lake, and *K. Thomas Savage* of Kenosha, and oral argument by *Mr. Savage.*

For the respondent there was a brief by *John J. McLario,* and oral argument by *Mr. McLario* and *Mr. Ronald W. Sylvan,* both of Menomonee Falls.

BROWN, C. J. Presented for our determination are the following issues:

(1) Whether appellant was entitled to compensation for her services rendered.

(2) Whether the measure and amount of compensation determined by the trial court was proper.

### (1) *Recovery on Quantum Meruit.*

On *quantum meruit,* a common count in the historical action of assumpsit, recovery is allowed for services performed for another on the basis of a contract implied in law or an implied promise to pay the performer for what the services were reasonably worth. *Mead v. Ringling* (1954), 266 Wis. 523, 528, 64 N. W. (2d) 222, 65 N. W. (2d) 35; *Johnson v. Higgins-McArthur Co.* (1959), 99 Ga. App. 260, 108 S. E. (2d) 299, 303. Before recovery can be permitted in the present case, there must be sufficient competent evidence in the record which shows that the services were performed at the special instance of the decedent and with his knowledge, and were performed by appellant with expectation of reasonable compensation. *Estate of Happel-Bossi* (1907), 133 Wis. 119, 123, 113 N. W. 433; *Estate of St. Germain* (1945), 246 Wis. 409, 411, 17 N. W. (2d) 582; *Estate of Ansell* (1957), 2 Wis. (2d) 1, 85 N. W. (2d) 786; and *Kramer v. Bins* (1931), 205

Wis. 562, 569, 238 N. W. 407. Unless the circumstances or the relationship of the parties is such that the services are presumed to be given gratuitously, in general if one accepts service from another which is valuable to him the presumption of fact arises that a compensation equivalent is to pass between the parties. The presumption may be rebutted. *Wojahn v. National Union Bank* (1911), 144 Wis. 646, 129 N. W. 1068. Cited in *Estate of St. Germain, supra.* The record contains positive evidence that the services were performed at the request of the decedent and with his knowledge. He had placed an advertisement in the newspaper seeking a housekeeper, and he took appellant to his home where she commenced rendering services as a housekeeper and companion to him.

The controversy centers on the question whether appellant expected reasonable compensation for the services or whether she went to the Voss home under a promise and in expectation of marriage with the deceased, but without expectation of compensation. See *Kramer v. Bins, supra,* page 566.

Mrs. Schroeder had been a stranger to Mr. Voss. There was no relationship between them whereby either party should consider her services to Mr. Voss as housekeeper and companion were given gratuitously. We consider that such facts are sufficient to raise the presumption that compensation was expected. There is also testimony in the record that Mr. Voss declared in the presence of third parties that he would take care of Mrs. Schroeder. Mr. Voss' brother, William, testified (testimony summarized by appellant):

"At the time my brother was in the hospital in 1958, I had a conversation with him about Mrs. Schroeder. When I used to stop there I'd tell Elwin, you can't get better care than you got. Well, by golly, he says, I guess you're right.

"He admitted he was glad she was there. He says she'll get paid for all of that. Yes, he knew what he was talking about."

The presumption and this evidence is quite sufficient to sustain a finding that the parties expected and intended the services to be compensated. The presumption is, of course, rebuttable but we find nothing of effective rebuttal in the record. We are not impressed by respondent's suggestion that Mrs. Schroeder got a house, companionship, board and room, and thereby the expectations were fulfilled without anything more in the way of compensation. When she came to Voss' home in response to his advertisement she owned an unmortgaged home of her own.

A Mr. Shipley, district manager of Wisconsin Employment Service for Kenosha county, testified that he knew the reasonable compensation for a housekeeper at the times in question was $30 to $35 per week plus room and board. We think the record sustains the trial court's finding on the liability of Mr. Voss and his estate and the rate of pay.

Mrs. Schroeder, however, submits that the court was in error in limiting the compensation recoverable to two years preceding Mr. Voss' death. She claims she is entitled to recover for the entire period in which she performed services to the deceased. She refers us to the cases of *Estate of Cochrane* (1961), 13 Wis. (2d) 398, 108 N. W. (2d) 529; *Estate of Gerke* (1955), 271 Wis. 297, 73 N. W. (2d) 506; and *Estate of Rosenthal* (1945), 247 Wis. 555, 20 N. W. (2d) 643; and claims that on *quantum meruit* recovery is allowed for the entire period and is not limited by sec. 330.21 (5), Stats., to two years.

There is no merit to that contention. The *Cochrane* and *Gerke Cases* do not support appellant's position because the facts in each of them are substantially different, and recovery was not allowed on the basis of *quantum meruit,* al-

though the measure of recovery may have been the reasonable value of the services performed. In the *Rosenthal Case,* at page 565, we did hold that the statute of limitations applied to the facts of that case. We conclude that the present facts limit compensation recoverable to the two years preceding the death.

By this appeal appellant contends for the first time that decedent was estopped to deny the limiting of the claim for services by making repeated promises to appellant that he would marry her in order to lull her into continuing her services.

The issue of estoppel was neither pleaded by appellant in her complaints nor raised at the trial. We will not consider the issue of estoppel for the first time on appeal when it is not pleaded or raised in the trial court. *Schneck v. Mutual Service Casualty Ins. Co.* (1963), 18 Wis. (2d) 566, 570, 119 N. W. (2d) 342. Where the facts constituting an estoppel appear in the complaint it is not incumbent upon appellant to specifically plead estoppel. *Yurmanovich v. Johnston* (1963), 19 Wis. (2d) 494, 500, 120 N. W. (2d) 707. An examination of the complaint reveals that the facts constituting estoppel in the present case were not pleaded.

We have recognized that the doctrine of estoppel can apply to prevent a person from raising the defense of the statute of limitations. *Peters v. Kell* (1960), 12 Wis. (2d) 32, 44, 106 N. W. (2d) 407. See also Annos. 130 A. L. R. 8, and 24 A. L. R. (2d) 1413. Had the doctrine of estoppel been pleaded or properly raised in the trial or on appeal, the record does not indicate the facts necessary for it to be established. It does not show that the decedent was fraudulent in not making payments to her or in making promises to marry her, if these promises had been found to exist. Also, it does not show that appellant relied on his fraudu-

lent conduct by not making or pursuing demands for payment or by continuing her services for him.

### (2) *The Measure of Recovery.*

On *quantum meruit,* the measure of recovery is the reasonable value of the services performed. The trial court found that appellant performed services as a housekeeper, nurse, and companion. It did not separate the amount of the award for each item, but found that the reasonable value of these services was $30 per week for two years.

Appellant now claims that the trial court did not allow any recovery for services rendered as a nurse which would be from $5 to $10 extra to that of a housekeeper and companion.

There was a wide range of testimony as to what the average compensation was for the services appellant performed, including that of practical nursing. The record shows that the wages average from $15 to $35 a week. The district supervisor of the Wisconsin Employment Service testified that the prevailing rate for housekeeping and companion services were $30 to $35 per week plus room and board, and that practical-nurse service was $5 to $10 extra. However, Mr. Shipley testified that the rate of pay might differ by reason of the housekeeper's freedom to come and go as she pleased. Mrs. Schroeder had that freedom. Also, for four weeks when Mr. Voss was bedridden, a Mrs. Horsthemke assisted Mrs. Schroeder with the nursing and was paid $15 per week plus board. We cannot say that the trial court's judgment on compensation is contrary to the great weight and clear preponderance of the evidence.

In the present case it would be difficult to separate with precision the services rendered as a housekeeper and companion from those performed as a practical nurse when

decedent was ill, although the court found that the latter were also performed. We conclude it was not error for the trial court to give only a general award as to the reasonable value of the services performed.

*By the Court.*—Judgment affirmed.