Estate of Breitzman: Hanson, Claimant, Respondent, vs. Breitzman, Administrator, Appellant.

*October 9—November 8, 1940.*

For the appellant there were briefs by *Bundy & Bundy* of Menomonie, and oral argument by *W. H. Bundy.*

*Willis E. Donley* of Menomonie, for the respondent.

Fowler, J. The claimant is a married woman and as such entitled to her earnings as her own separate property.

She filed a claim against the estate of Fred Breitzman, deceased, for personal service rendered the deceased including day and night nursing. During all the time here involved she and her husband maintained a home. The deceased roomed and received his board in that home from 1910 to a few days before his death on March 27, 1938. Up to 1917, or thereabouts, he paid regularly $15 per month for his room and board. When prices increased during the World War his monthly rate for room and board was increased to $20, which he thereafter paid regularly until he was removed to a hospital at the time above stated. The deceased was a brick burner who worked steadily in a brickyard a short distance from the home of claimant and her husband up to October 1, 1932. He left at his death an estate of $26,000 all on deposit in a local bank where it had accumulated from the deposit of his earnings.

The trial court expressly found that the deceased continued to work at the brickyard and remained in good health until the time next above stated. He then began to fail in health, and from then on required more or less personal care in the nature of practical nursing. In October, 1935, the deceased became worse, and from then on to his death he suffered from tuberculosis, and required personal care most of the time, day and night; had difficulty with control of bowels and urine, and bedding and clothing required frequent changing and washing. The court fixed the value of the personal services of plaintiff from October 1, 1932, to October 1, 1935, at $35 per month, and from the latter date to March 1, 1938, at $890 per year, and allowed claimant at these rates an aggregate of $3,410.83.

The findings of the court, as above stated, are sustained by the evidence. The crux of the case is whether the evidence supports a finding of an agreement to pay anything in addition to the $20 a month regularly paid for board and room prior to the time when the deceased failed in

health and regularly continued thereafter without any additional payment being made. The appellant strenuously contends that when periodical payments are regularly paid there is a presumption that such payments are in full for all obligations under the existing contract between the parties. This is true, but the presumption is one of fact and is rebuttable. 48 C. J. p. 700, § 215. And where a stated sum has been regularly and periodically paid for services during a decedent's lifetime, such payment is presumed to have been in full unless decedent is shown to have expressly agreed to additional payments. 24 C. J. p. 280, § 880.

As to such express agreement the trial court found as follows:

"6. That on two different occasions, once about the month of June, 1931, and once in March, 1938, said deceased promised and agreed to 'pay her [claimant] well for the care she had given him.'

"7. That said claimant rendered such services with the expectation of being compensated therefor."

The 1931 agreement thus found is supported by the testimony of two competent witnesses as to conversations between the deceased and the claimant—and that of 1938 by that of one competent witness to a statement of the claimant to the deceased. The agreement of 1931 was respecting future services covering all his life. The statements of 1938 related to both past and future services. The deceased not being a relative of the claimant, there is no presumption that the services of a personal nature or the day and night nursing were gratuitous. We consider that the findings quoted are sufficiently supported by the evidence, and no agreed compensation for such services appearing, they must be paid for at their reasonable worth.

*By the Court.*—The judgment of the county court is affirmed.