ESTATE OF CORNELL: MURRAY, Claimant, Appellant, vs. ESTATE OF CORNELL, Respondent.

*May 15—June 15, 1945.*

For the appellant there was a brief by *O'Melia & Kaye* of Rhinelander, and oral argument by *Walter F. Kaye.*

For the respondent there was a brief by *Whyte, Hirschboeck & Minahan,* attorneys, and *Victor M. Harding, Jr.,* of counsel, all of Milwaukee, and oral argument by *Mr. Harding.*

FAIRCHILD, J.   Irsil Cornell was the owner of certain lands adjacent to Pine lake in Forest county, Wisconsin.   In 1935 there were three cottages near the lake and a farmhouse about one-quarter of a mile away.   The cottages were rented to summer tourists.   In the spring of 1935, the appellant, his wife, and three children moved into the farmhouse.   Appellant acted as general caretaker of the cottages and his wife performed work in answering inquiries from prospective tenants and in doing some cleaning of the cottages at the beginning of each season.

Between 1935 and 1939 seven more cottages were erected on the property.   Appellant alleges that in April of 1935 he entered into a specific oral agreement with decedent by which decedent promised to give appellant the proceeds from the resort and free house rent outside of taxes, interest, and insurance and to give him the property after his death.   Upon the death of Irsil Cornell, the appellant filed his claim for $5,107, based on an estimated compensation of $100 for the summer months of the seven years he was employed and $40 for the winter months, less the amounts he had already received.   The trial court allowed appellant only $380 of his claim.

The question raised on the appeal is whether the evidence of the facts and circumstances existing during the period of the employment of the appellant warranted the lower court in finding that there was no agreement between appellant and decedent for further compensation.

It appears and the court found that the appellant did not devote all of his time in caring for decedent's property.   He worked periodically in sawmills from 1935 to 1943.   In 1941

and 1942 he worked in a sawmill during the resort season. From 1935 to 1940 he worked in sawmills during the off seasons. In 1936 and 1937 he was foreman on a WPA project at $55 a month for a total of eight months. It is also in evidence that the appellant was paid $12 per week each week during the summer seasons of 1938, 1939, 1940. Appellant and his family lived on the farm, had the free use of several acres of land, a large garden, and the produce from several cows. There were records of payments and of presents going from decedent to appellant which show exactly what the existing arrangement was.

The finding of the trial court that there was no agreement between decedent and appellant for additional compensation is well-supported by the evidence. The actions and course of conduct of the parties during the lifetime of the decedent are of more probative value than the statements of witnesses that the claimed agreement existed, where for the most part they are made by interested parties after death has made it impossible for the decedent to offer contradictory testimony.

The fact that the appellant received regular payment of wages over a long period without demanding any additional amount is an important factor rebutting any presumption of further liability for services. *Estate of Kniffen* (1939), 231 Wis. 589, 286 N. W. 8; 24 C. J., Executors and Administrators, p. 280, sec. 880. In this case the payment of $12 a week during the resort season indicates that that amount was the compensation agreed upon. The fact also, that appellant was free to work elsewhere at any time and in fact did perform services for others, also indicates that there was no contemplation of greater compensation than that actually paid and received.

Equally convincing is the evidence that during the period of the employment, appellant continued paying over the moneys collected without ever demanding greater compensation from decedent. The evidence shows also that in 1940

Cornell sold certain property to appellant for $400 for which appellant made regular payments of $12 a month to decedent. Certainly had appellant not considered himself the debtor and decedent the creditor such payments would not have been made.

The estate offered and the court allowed appellant $380. This is considered all that could be due him.

*By the Court.*—Judgment affirmed.