WILL OF LUYSTER: COOK, Claimant, Appellant, vs. MER-
CHANTS & SAVINGS BANK, Executor, Respondent.*

*June 12—July 1, 1947.*

For the appellant there were briefs by *Fisher & Fisher* of
Janesville, and oral argument by *Arthur M. Fisher.*

For the respondent there was a brief by *Jeffris, Mouat,
Oestreich, Wood & Cunningham,* and oral argument by
*Harry F. Knipp* and *Otto A. Oestreich,* all of Janesville.

ROSENBERRY, C. J.    The claim presented in this case is one
of the most extravagant that has come to this court during the
last thirty years and perhaps during its entire history.

---

* Motion for rehearing denied, with $25 costs, on September 9, 1947.

In the month of August, 1935, claimant went to the Y. W. C. A. in Janesville and was informed that the decedent wanted to hire a middle-aged woman to work on the farm. The following Sunday, claimant went to the Bingham farm. She saw the decedent raking in the yard and went with her to the porch for a conference with Lucy Bingham and Ed Bingham, the owners of the farm. The following morning, August 5, 1935, she returned to the farm and continued to work there for eight years. From August 5, 1935, to January 7, 1938, claimant was paid $3.50 per week; from January 7, 1938, to November 7, 1941, she was paid $4 per week; and from November 7, 1941, until the termination of her services on September 7, 1943, she was paid $5 per week. In addition to the amounts paid her, she at all times received her board and lodging.

Although Lucy Bingham and Ed Bingham, who had a life estate in the farm, left substantial estates which were duly probated, claimant filed no claim for services in either of these estates.

The decedent fell and fractured her hip on September. 7, 1943, and was taken to the Fort Atkinson Memorial Hospital, where she remained until she died. From the commencement of this hospitalization and until April 23, 1946, although claimant was aware that Janet Snover was paying the decedent's bills, the appellant made no claim of any money due and owing to her from decedent. Appellant was likewise aware of the fact that the Merchants & Savings Bank was handling decedent's affairs and yet she made no demand upon it for money due or owing to her from the decedent.

The trial court found that Bertha Cook was not qualified as a practical nurse either by her own testimony or upon the testimony of others, including that of Dr. Caswell, who was the physician in charge. The court further found that the services rendered by the claimant were household and domestic services which were fully paid for; that—

"During her employment as above found claimant accepted the payments for her services as above stated and there is no evidence of any complaint by her of inadequacy at the respective times when such payments were made; the amounts so paid claimant for said household and domestic service were reasonable compensation therefor at the fair value thereof at the time when said services were rendered."

It is considered that it is necessary to consider only one contention made in this court. The claimant testified:

"I heard conversations between Belle Luyster and Ed Bingham regarding that. One conversation I have in mind with reference to that occurred in the kitchen. I was in the dining room at the time, and did not take part in the conversation. I heard Belle Luyster say something to Ed Bingham.

"Q. What did you hear her say?"

Objected to as incompetent and immaterial, and that it involves a transaction with a deceased person.

The objection was sustained. Counsel for the claimant then offered what he sought to prove by this witness. He said:

"The answer would be in substance that this witness would be remembered in her will, and would be well paid for everything she did at the Bingham farm."

The claimant then offered to prove that she heard a conversation between Belle Luyster and one Ruth Fossage to the effect that she had done a lot for us and she will be well paid when final settlement comes. There were other offers of proof to the same general effect.

It is argued that by sustaining objections to this evidence, the court committed reversable error. It is considered that the trial court correctly excluded the proof offered.

This is a case where the claimant was regularly receiving compensation for her services. There is no question but that she was to be compensated. She was compensated and, as the trial court found, the compensation paid was the reasonable value of her services. In this case the claim is for ad-

ditional compensation for the services for which she had been paid. The proof offered was immaterial upon that issue.

We shall not comment upon the character of the services actually rendered by claimant or on her competence as a practical nurse. Suffice it to say that the evidence fully sustains the finding of the trial court.

*By the Court.*—Judgment affirmed.