ESTATE OF BENSON: JOHNSON, Claimant, Appellant, vs.
ALM, Executor, Respondent.

*September 8—October 14, 1947.*

*Charles D. Madsen* of Luck, for the appellant.

For the respondent there was a brief by *Nelton & McGinnis* of Balsam Lake, and oral argument by *James L. McGinnis.*

FRITZ, J.   The claim in question is for $1,464, which Jennie Johnson claims for alleged special services in the nature of nursing care of Benson, which she rendered at $2 per day for seven hundred thirty-two days from June 8, 1944, to June 10, 1946, in addition to the board, room, and care furnished him in that period at the agreed price of $35 per month. The court denied the claim on the ground that there was no agreement between claimant and Benson that he was to pay any additional amount for any such special care.   As stated in the court's findings, which are fully warranted under the evidence, claimant was operating a rest or convalescent home for convalescent patients and old people at the standard going rate of $35 per month for board, room, and care of each patient.   In June, 1944, Benson was brought to claimant's home by his friend, C. H. Peterson, who made the arrangements for Benson that he was to pay the going rate of $35 per month for the room, care, and board furnished him by claimant.   At the time that agreement was made Benson was unable to stand on his feet or go outside alone, but could at most times get from his bed to a wheel chair and back again.   He had spells lasting for nearly a week every month or two during which claimant had to, at times, catheterize him and give him enemas, but during all that time deceased was mentally competent.   About July 5, 1945, and on other occasions claimant told Benson that the $35 per month was not sufficient to pay for all the care she was giving him, but there is no proof as to any answer by Benson to her statement; and in his lifetime she did not present any claim against him for additional services.   When he came to her home he had over $3,000, which she deposited for him in his name.   Each month she wrote a check for the agreed monthly sum of $35, and deceased signed

the check and she cashed it for herself. The reasonable value of the extra services rendered by claimant to decedent was $2 per day; but both before and after July 5, 1945, she accepted payment from decedent at the stipulated amount of $35 per month. Upon the facts thus found the court concluded that the evidence did not establish there was any agreement between Benson and claimant to pay her extra for any additional services rendered him; that claimant having accepted payment of the agreed amount fixed by deceased cannot claim additional compensation from the estate; and that her claim should be disallowed in full.

The court's findings, conclusions, and the judgment entered thereon accordingly were warranted by the evidence. As the only contract made between claimant and Benson, by his friend C. H. Peterson, was that claimant was to be paid $35 per month for his board, room, and care, and there was no other agreement made between them to pay extra for any additional services rendered deceased, and as she received and accepted the agreed $35 monthly payments regularly made to her by the checks which she wrote and had Benson sign, without her assertion of any protest or demand that she was entitled to payment of any additional sum, there is the presumption that $35 per month was all she was entitled to be paid; and that the $35 thus regularly received by her was in full payment for all of Benson's obligations to her. *Estate of Evans,* 248 Wis. 456, 22 N. W. (2d) 497; *Estate of Breitzman,* 236 Wis. 96, 294 N. W. 489; *Estate of Cornell,* 247 Wis. 175, 19 N. W. (2d) 186; *Will of Luyster,* 251 Wis. 154, 28 N. W. (2d) 312, 314. That presumption might have been rebuttable if there had been proof, which the trial court considered credible and sufficient to establish that decedent promised or agreed to pay also something additional to the claimant for extra or special services rendered by her in connection with the room, board, and care for which he paid her the agreed sum of $35 per month. *Estate of Evans, supra.* But as there is no evidence

of any such promise or agreement by Benson, or of any such meeting of the minds or concord of understanding or expressed intention between him and the claimant as to render him or his estate liable for the payment of any additional amount to her, she is not entitled to any additional compensation.

*By the Court.*—Judgment affirmed.