ESTATE OF DEL MARCELLE: DEL MARCELLE, Appellant, vs. ESTATE OF DEL MARCELLE, Respondent.

*March 6—April 3, 1951.*

48

For the appellant there was a brief by *Martin, Clifford, Warne, Duffy & Dewane* of Green Bay, and oral argument by *Gerald F. Clifford.*

For the respondent there was a brief by *Kaftan, Kaftan & Kaftan* of Green Bay, and oral argument by *J. Robert Kaftan.*

BROADFOOT, J.    The claim of Albert Del Marcelle against the estate was based upon the terms of an express oral agreement alleged to have been made between claimant and decedent while decedent was still in the hospital. Claimant alleged that he agreed to take the decedent and his wife into his home and there care for and maintain them, and that in return the decedent agreed to give to claimant a sum equal to one third of all of the property of which he should die seized. The claimant alleged a breach of the agreement and demanded one third of the net estate of the decedent. The claim also contained the following paragraph:

"In the event the aforesaid contract is held to be void then the claimant demands in the alternative the sum of five thousand and no/100 ($5,000) dollars for care, support, nursing, and maintaining said deceased and his wife, Hortense, and for loss of wages of claimant's wife."

Upon this appeal the claimant contends that the trial court erred in finding the claimant had failed to prove an express

contract, in failing to grant judgment on *quantum meruit* for services rendered, and in excluding certain testimony offered by the claimant upon the trial.

As to the first contention, the court made the following finding of fact:

"21. That no contract, express or implied, for payment of more than twenty-five ($25) dollars per week or by which decedent would leave claimants or either of them any part of his estate was created or existed between or among decedent, his wife, and claimants based upon the fact that decedent and his wife lived at claimants' home and were cared for there."

This was a question of fact to be determined by the court from the evidence. There was sufficient credible evidence in the record to sustain this finding, and it cannot be disturbed.

As to the second contention, the court found that the decedent regularly paid to the claimant the sum of $25 per week and claimant accepted such payments for the room, board, and care of the decedent and his wife. Where a stated sum has been regularly paid for such services during decedent's lifetime, such payments are presumed to have been in full satisfaction thereof unless it is shown that the decedent expressly agreed to make additional payments. *Estate of Breitzman,* 236 Wis. 96, 294 N. W. 489. This finding is also supported by the evidence and cannot be disturbed.

We have reviewed the claimed errors on the exclusion of testimony offered by the claimant, and can find no reversible error.

*By the Court.*—That part of the judgment appealed from is affirmed.