IN RE ESTATE OF HUBER, Deceased: JOHNSON, Plaintiff-Appellant, v. BUEHLER, Personal Representative of Estate of Leo J. Huber, Respondent.

*No. 75–649. Submitted on briefs November 2, 1977.—*
*Decided November 30, 1977.*
(Also reported in 259 N.W.2d 714.)

56

For the appellant the cause was submitted on the brief of *Potter, Wefel & Nettesheim* of Wisconsin Rapids, and *Ellsword D. Helke* of Nekoosa.

For the respondent the cause was submitted on the brief of *Crowns, Merklein, Midthun & Metcalf* of Wisconsin Rapids.

HANLEY, J. The issue presented on this appeal is whether the trial court erred in holding that the appellant had failed to establish an agreement entitling him to additional compensation for services rendered to Leo Huber.

Here the claimant is a former employee of the decedent who had been regularly paid wages and then a salary but who claims an agreement existed for additional compensation for the same services. Several fundamental principles have been set forth by this court in discussing the merits of claims of this nature.

First, there is a presumption that the periodic payments by the deceased employer constituted full payment of the obligations arising under the employment contract. *Estate of Ford,* 23 Wis.2d 60, 126 N.W.2d 573 (1964); *Estate of Kandall,* 270 Wis. 349, 71 N.W.2d 283 (1955); *Estate of Breitzman,* 236 Wis. 96, 294 N.W. 489 (1940). The basis of this presumption is founded upon the suspicion the law has generally held for deferred claims for personal services. *Estate of St. Germain,* 246 Wis. 409, 412–13, 17 N.W.2d 582 (1945). This presumption may be rebutted, however, by sufficient competent evidence demonstrating that the deceased employer intended to compensate the claimant for those services in an amount above that which had been paid in wages or salary. *Estate of Kandall, supra* at 355.

Second, only evidence demonstrating the existence of an express agreement to pay additional compensation will be sufficient to rebut this presumption. In *Estate of Breitzman, supra* at 98 this court stated:

"And when a stated sum has been regularly and periodically paid for services during the decedent's lifetime, such payment is presumed to have been in full unless decedent is shown to have *expressly agreed* to additional payments." (Emphasis supplied).

The requirement that the former employer must have expressly agreed to additional compensation was again stated in *Estate of Kandall, supra* at 355.

The importance of this requirement is that it distinguishes cases in which a periodically compensated employee is seeking additional compensation from those in which the claimant has rendered services to the decedent but has not been paid anything in return. In the latter instance, recovery may be had on the basis of an implied contract to pay for such services which may be found in the actions and course of conduct of the parties. *Estate of Detjen,* 34 Wis.2d 46, 148 N.W.2d 745 (1967). But the quantum of proof necessary to permit a non-employee to recover under these theories the value of services rendered a decedent will not be sufficient to allow a former employee, who must prove the existence of an express agreement, to recover additional compensation. Thus, the appellant's contention that recovery should be awarded on the basis of *quantum meruit* is without merit.

The claimant has the burden of proving an express agreement on the part of the decedent to pay additional compensation. *Estate of Kandall, supra* at 356. The question as to the existence of such an agreement is essentially a question of fact which, on appeal, will be reviewed in accordance with the standard test of whether the trial court's finding is against the great weight and clear preponderance of the evidence. *Estate of Kuepper,* 12 Wis.2d 577, 582, 107 N.W.2d 472 (1961).

The appellant contends that Leo Huber expressly agreed to pay him additional compensation for his services. In support of this contention, the appellant highlights testimony given by two disinterested witnesses. The first witness, Arthur B. Zellner, a food distributor who for about six years called upon Leo Huber for busi-

ness reasons, testified that Leo Huber told him two or three times a year during this period "that he hoped that Planthen would stay with him as long as he owned the store, because he didn't know what he would do if Planthen left the store," and "that if Planthen would stay with him as long as he would be in the grocery business, he would take good care of Planthen." Because the witness testified that these statements were not made in the presence of the claimant, this evidence alone would not be sufficient to establish an express agreement to pay additional compensation. *Estate of Rienow,* 16 Wis.2d 403, 407, 114 N.W.2d 840 (1962).

A second witness, Mildred Stensberg, also an employee of decedent, testified that she overheard a conversation between the decedent and the appellant which took place in the spring of 1968. She testified: "I heard Leo tell Planthen Johnson that he couldn't leave him. He just had to stay with him. He said, 'if you stay with me, I will take care of you.'" On subsequent occasions, she testified that the decedent said to the claimant, "You stay with me. You stick with me or you don't have to worry, if you stick with me. Just don't leave me." Finally, the witness testified that shortly before his death, the decedent said to the claimant, "If you stay with me, Planthen, I will take care of you."

The trial court recognized the efficacy of this testimony as evidencing the decedent's feeling of moral obligation to his employee, but concluded that the appellant had failed to prove an express agreement to pay additional compensation because the evidence failed to demonstrate the manner and amount of payment intended by the decedent.

The appellant contends that the failure of the decedent to express what he intended by his promises to "take care" of the appellant is not material, relying on *Estate of Breitzman, supra* at 98, where this court stated: "No agreed compensation appearing, they must be paid for

at their reasonable worth." However, we think this case does not support the claimant's position. In *Breitzman,* the decedent had rented a room in the house of the claimant for many years. Prior to his death the decedent required personal care in the nature of practical nursing which the claimant provided. The claimant in that case submitted a claim for the value of these services and introduced evidence of their reasonable value. Thus, the award of additional compensation was based not upon the services originally provided the decedent, but upon the services provided in addition thereto.

There is no basis on which the analysis used in *Breitzman* may be applied in this case. Here, the claimant is seeking additional compensation for the services he rendered the decedent under the original employment contract. While the claimant testified that for several years before Leo Huber's death he had assumed new responsibilities in the management of the decedent's store, there was no evidence upon which to base the assumption that these duties were in addition to the meat cutter's duties he provided under the original employment contract.

Furthermore, there are no statements in the record evidencing an agreement between Leo Huber and the appellant as to how much additional compensation was intended, or how this amount would be determined. The mere recognition by the decedent that his employee had been underpaid is not sufficient to enable the employee to recover. *Estate of Kandall, supra.*

The appellant claims that the repeated statements of the decedent indicated his intent to pay his employee an amount which would represent the difference between the salary paid and the reasonable wages paid a meat cutter. This conclusion, however, is not supported by the evidence for two reasons. First, because most of the dece-

dent's promises were made at a time when the claimant performed numerous functions other than meat cutting, the conclusion that Leo Huber intended the measure of the appellant's additional compensation to be the reasonable meat cutter's wage times the total number of hours spent working at the store would be mere conjecture. It is undisputed that the value of many of the services performed by the claimant—stocking the shelves, loading trucks, sweeping floors, and delivering merchandise—was not as much as the reasonable value of a meat cutter's services. Second, there was no testimony indicating how much of the appellant's time was spent on these various activities, without which, the reasonable value of his services as a whole could not be determined.

We conclude that the trial court did not err in ruling that the appellant had failed to prove an express agreement to pay additional compensation so as to overcome the presumption that salary received was full payment for his services.

*By the Court.*—Judgment affirmed.